Matter of the Judicial Settlement of the Account of Proceedings of ALICE J. FOLEY, as Administratrix, c. t. a. of CORNELIUS FOLEY, Deceased.

(Surrogate's Court, Bronx County, October, 1918.)

Wills — construction of, in order to ascertain meaning — construction adopted which will avoid intestacy.

A part of a will should not be considered separate and independent of the rest of the will in order to ascertain its meaning, but the whole will should be scanned in order that the testator's intent as to any specific provision may be properly ascertained.

Where a will is open to two possible constructions that one should be adopted which will avoid intestacy, as it is fair to assume that the testator purposes to dispose of his whole estate unless from the language of the will the contrary clearly appears.

The will in question considered, and *held,* that testator had effectually disposed of his entire estate.

PROCEEDINGS on judicial settlement of the account of an administratrix, c. t. a.

Ernest E. L. Hammer, for petitioner.

John J. Dwyer and John P. Lamerdin, for respondents.

SCHULZ, S. The decedent left him surviving Richard Foley, a brother, John Foley, a brother, who died after the decedent and who was survived by a daughter, Mary Foley, his sole heir-at-law and next of kin, and Ellen Foley who it is stated in the petition claims to be the widow of Michael Foley, a deceased brother. By his last will and testament, after directing his

Surrogate's Court, Bronx County, October, 1918. [Vol. 104.

executors to pay all his just debts and funeral expenses, he gave and bequeathed to his brother John Foley, the sum of one dollar, and then provided as follows:

"*Third.* I give and bequeath one half of all the rest, residue, and remainder of my estate to my brother Michael Foley, and I further will and direct that in the event of his not being living at the time of my death, the said one half of the rest, residue and remainder of my estate be paid over to his widow and children or to the survivor or survivors of them share and share alike.

"*Fourth.* I give and bequeath one half of all the rest, residue, and remainder of my estate to my brother Richard Foley, and I further will and direct that in the event of his not being living at the time of my death, the said one half of the rest, residue and remainder of my estate be paid over·to his widow and children or to the survivor or survivors of them share and share alike."

In the subsequent paragraph he nominated his brothers, Michael Foley and Richard Foley, as executors.

The will was duly admitted to probate after a contest and letters testamentary were issued to ·Richard Foley, who subsequently died, whereupon letters of administration c. t. a. were granted to the petitioner. She is now accounting as administratrix and asks that the surrogate determine the following:

" 1. Was Ellen Scully Foley, widow of Michael Foley, alive at the date of death of Cornelius Foley, deceased?

" 2. If said Ellen Scully Foley was not alive at the date of death of Cornelius Foley, deceased, did Cornelius Foley dispose of his entire estate under his will

and what is the share or amount to which each beneficiary under the will is entitled?

" 3. If Cornelius Foley did not dispose of his entire estate under his will to whom and in what amounts shall the balance of the estate be distributed? "

The brother Michael Foley had pre-deceased the decedent, and, as is claimed by Ellen Foley, left no children, but did leave her, his widow, surviving the decedent. Objections were filed by her in which she opposes the account upon the ground that the petition does not definitely state that she is the widow of Michael Foley and a legatee under the last will and testament of the decedent, and she sets forth that she is entitled to one-half of the rest, residue and remainder of the estate and asks that the rights of the parties and of the contestant to said one-half of the rest, residue and remainder be determined.

Objections were also filed by Mary Foley, the daughter of John Foley, opposing said account because it failed to state that the decedent died intestate as to a part of his estate and alleging that the decedent had failed to dispose of one-fourth of the residue of his estate under paragraph " Fourth " of the will, asking for a construction of the said paragraph and praying that it be adjudged that she is entitled to one-half of the residue of the estate of the said Cornelius Foley, deceased, undisposed of by his said will.

Pending the settlement of the account, Alice J. Foley, the petitioner, and Mary Foley entered into a written stipulation duly filed in this court by which they severally acknowledged that Ellen Foley is the widow of Michael Foley, the legatee mentioned in the third paragraph of the will, and consented that the amount or share payable to said Michael Foley under

the third paragraph of the will of the decedent, had said Michael Foley survived the testator, be paid to said Ellen Foley, his widow.

There remains for consideration, therefore, only the construction of the " Fourth " paragraph of the will of the decedent, and a solution of the question whether by the provisions of the will the decedent intended to give to Richard Foley one-half of the residue remaining after the payment of debts, funeral expenses and the bequest of one dollar to John Foley, or whether he intended to give him one-half of the residue which remained after the payment of the debts, funeral expenses, the legacy of one dollar to John Foley and the legacy in the " Third " paragraph of the will. If the latter was his intent, then it would follow that he died intestate as to a part of his estate.

It is a well-settled principle in the construction of wills that a part should not be considered separate and independent of the rest of a will in order to ascertain its meaning. *Phillips* v. *Davies,* 92 N. Y. 199; *Matter of Fowles,* 222 id. 222, 240; *Roe* v. *Vingut,* 117 id. 204; *Denison* v. *Denison,* 185 id. 438; *Matter of Miner,* 146 id. 121. One clause in the document does not constitute the testator's will, and it is proper that the whole instrument should be scanned in order that the testator's intent as to any specific provision in the will may be properly arrived at.

The language of the " Fourth " paragraph is unfortunate, but the scheme of the will seems to me to be very plain. For some reason, the decedent did not wish his brother John to share in his estate remaining after the payment of debts and funeral expenses, except to the extent of one dollar. After giving that bequest, he intended to give one-half of all the rest, residue and remainder to his brother Michael and the

other half to his brother Richard, substituting in their places in case of their prior decease their respective widows and children. If that was not his intent, then I can see no reasonable explanation for the bequest of one dollar to John Foley. The fact that he made this nominal bequest, taken in connection with the other provisions of the will, is a clear indication that his intent was that his brother John should receive no other part of his estate and refutes the contention that he wished to die intestate as to one-fourth of the residue which would result in John's obtaining a distributive share thereof. '' In the work of judicial construction, we cannot, of course, predicate certainty of our conclusions as to intent. At the most, we can, and we should, give that construction to a will, which has ' in its favor the balance of reasons and probabilities.' (*Weeks* v. *Cornwell,* 104 N. Y. 325, 336.) '' *Robinson* v. *Martin,* 200 N. Y. 159, 164. Again in the construction of wills, intestacy is to be avoided; that is to say, where a will is open to two possible constructions, that one should be adopted which avoids intestacy. *Haug* v. *Schumacher,* 166 N. Y. 506, 515; *Kalish* v. *Kalish,* Id. 368, 375; *Meeks* v. *Meeks,* 161 id. 66, 71; *Matter of Ossman* v. *Van Roemer,* 221 id. 381, 387. When a man performs the solemn act of executing a document which he intends shall be his last will and testament, it is fair to assume that he purposes to dispose of his whole estate unless it clearly appears to the contrary from the language of the will. *Lamb* v. *Lamb,* 131 N. Y. 227; *Williams* v. *Petit,* 138 App. Div. 394; *Phillips* v. *Davies, supra; Vernon* v. *Vernon,* 53 N. Y. 351; *Schult* v. *Moll,* 132 id. 122; *Meeks* v. *Meeks, supra; Hadcox* v. *Cody,* 213 N. Y. 570. In this matter a construction should not be favored which would leave one-fourth of the residue of the decedent's estate undisposed of

**508** . MATTER OF BAIN.

Surrogate's Court, New York County, October, 1918. [Vol. 104.

by his will when the language used lends itself with at least equal facility to a construction which avoids intestacy and is in harmony with the general scheme of the will.

I favor the construction that one-half of the rest, residue and remainder after the payment of the debts and funeral expenses and the bequest to John Foley under paragraph " Second " of the will, was bequeathed to Michael Foley, and the other half thereof to Richard Foley. In the event of the death of either prior to the decedent, the share which he would have taken if living was payable to his widow and children respectively. As Michael predeceased the testator and his widow alone survived the testator, one-half of such residue is payable to her, and as Richard died after the testator the one-half of the residue which he took is payable to his estate.

Decreed accordingly.