FRANKLIN GATES, Plaintiff, *v.* ULYSSES G. FISHER, ADDIE J. FISHER, PAUL J. SISSON, CARRIE GILLESPIE, ELSIE BISHOP, JOHN T. SISSON, WILLIAM H. SISSON, AUGUSTUS F. SISSON, ROBERT F. SISSON, HAROLD E. SISSON, HOWARD E. SISSON and ANNA SISSON, Defendants.

(Supreme Court, Seneca Equity Term, April, 1919.)

Wills — construction of — intention of testator — vested remainders — deeds — who able to convey a good title.

Where after a bequest of the use and income of testator's real and personal property to his daughter for her life and that of the wife of his son, the estate, upon the death of the daughter in law, was devised and bequeathed in equal shares to testator's daughter who had children and his son who, though married, had none, the will provides that in the event of the death of either the son or daughter before the vesting in him or her of the estate in fee, his or her lawful issue surviving should receive their parents' share, it was testator's intention that at his death his children should take vested remainders in fee to the real property subject to the condition as to life tenancy and the rights of heirs of deceased children therein provided.

Pursuant to an agreement to divide the real property, a farm, the son and daughter each conveyed to the other different portions of said property by quit-claim deeds, each of which contained a clause that it was intended to convey all the right, title and interest in and to the lands therein described, which the grantor " now hath or to which she (or he) may become entitled as devisees " under the will of their father or as one of his heirs at law. *Held,* that under the deed from the daughter, her brother acquired whatever interest she took under their father's will in and to the lands described in said deed, and that under his father's will supplemented by said deed, the son became the owner in fee of the lands described therein and, as sole devisee under his will, his wife could convey a good title to said lands.

ACTION to construe a will.

Daniel Moran, for plaintiff.

C. Willard Rice, for defendants Fisher.

George F. Bodine, for all other defendants.

CLARK, J. John Pontius at the time of his death in August, 1898, resided in Seneca county, and was the owner and in possession of a farm in that county consisting of about 100 acres of land. He left him surviving two children, a son and a daughter, both of full age, and both married, the daughter having children, but the son having no children.

Mr. Pontius left a will dated February 1, 1897, which after his death was probated in Seneca county. The will by its first clause, after providing for the payment of his debts and funeral expenses, and the erection of a suitable monument at his grave, gave to his daughter, Carrie E. L. Sisson, the use and income of his real and personal property during " the lives of my said daughter and my daughter-in-law, Eva Pontius, wife of my son Leonard S. Pontius."

The second clause of the will is as follows:

" *Second.* Upon the death of my said daughter-in-law, I give, devise and bequeath said real and personal estate unto my said daughter Carrie E. L. Sisson, and my said son Leonard S. Pontius, in equal shares; in the event that either of my said children shall die before the vesting in her or him of said estate in fee and leaving lawful issue surviving such issue shall receive the parent's share."

The controversy here arises over the different constructions placed on these two clauses of the will by the parties to this action, plaintiff claiming that on the death of testator the fee to the lands in question vested in his son and daughter, subject to the daughter's life use thereof during her life and the life of the wife of her brother Leonard S. Pontius.

The defendants claim that testator did not mean to have title to his property vest in anyone until the death of his daughter-in-law, Eva Pontius.

After the death of John Pontius, and after his will had been probated, his son and daughter agreed to divide up their father's farm, and they did so, the daughter by quit-claim deed dated November 1, 1898, conveying to her brother Leonard S. Pontius the north fifty acres of the farm, and Leonard S. Pontius the same day, by quit-claim deed conveying to his sister Carrie E. L. Sisson the south fifty acres of said farm. Each of these deeds contained the clause that it was intended to convey all the right, title and interest in and to the lands described therein which the grantor " now hath or to which she (or he) may become entitled, as devisees under the last will and testament of said John Pontius, deceased, or as an heir at law of the said decedent."

Leonard S. Pontius thereupon went into possession of the north half of the farm, and made valuable improvements thereon, all with the knowledge of his sister Carrie E. L. Sisson. Leonard S. Pontius died

Supreme Court, April, 1919.       [Vol. 107.

some time after his father's death, leaving his wife Eva Pontius him surviving, and she is still living. He left a will, which was subsequently probated in Seneca county, in and by which he devised all his property to his wife, who subsequently sold and conveyed it to plaintiff's predecessors in title.

The children of the daughter, Carrie E. L. Sisson, now claim that plaintiff and his predecessors got no title to the north fifty acres of the Pontius farm in question, and that after the death of their mother and Eva Pontius, they will have the title to said lands, their uncle Leonard S. Pontius not having left children him surviving.

If the title to the John Pontius' 100-acre farm did not vest in Leonard S. Pontius and his sister Carrie E. L. Sisson on the death of the testator, subject to the life tenancy therein mentioned, defendants' contention would probably be correct. If, however, the title to said farm did vest in John Pontius' children Leonard and Carrie at his death, subject to the life estate, and subject to being divested by the birth of children to Leonard, and their surviving their father, then plaintiff's title to the property in question would undoubtedly be good.

In the construction of a will the intention of the testator, if it can be ascertained, should control. *Fulton Trust Co.* v. *Phillips,* 218 N. Y. 573; *Cammann* v. *Bailey,* 210 id. 19.

I think it was the intention of the testator to give vested interests in this property to his children Leonard S. Pontius and Carrie E. L. Sisson, who he distinctly names in his will, not as a class, but by their individual names. That these interests were subject to the use of the property by Mrs. Sisson during her life, and the life of Eva Pontius, and subject to being divested by the death of a child of decedent before

the termination of the life estate leaving issue surviving.

In this will the interests in testator's property are given equally to his two children, naming them, subject to the life use and subject to the provision that if either of the children should die before the termination of the life estate leaving lawful issue surviving, such issue should receive the parent's share.

If it was held that the interest of Leonard S. Pontius in his father's property was contingent only, he having died without leaving issue, and during the continuance of the life estate, the father would be deemed to have died intestate in so far as his son's interest in his property was concerned. Construction to avoid intestacy should be adopted if possible. *Matter of Folcy,* 104 Misc. Rep. 503.

The intention of this testator should be determined from the entire will, and where this gift was made in absolute terms, followed by a substituted gift or devise, operative in case his children died leaving issue, such death meant death in the lifetime of the testator. The scheme adopted by the testator in the disposition of his property, as disclosed by his entire will, does not show the intention to postpone the *vesting of title* to his estate until the uncertain date of the death of his daughter-in-law. What he meant was that the title to his property should vest at his death in his son Leonard S. Pontius and his daughter Carrie E. L. Sisson in equal shares, but the time of enjoyment thereof should be postponed, as in the will stated. The son and daughter took vested remainders in testator's property. *Matter of Lowerre,* 104 Misc. Rep. 570; *Connelly* v. *O'Brien,* 166 N. Y. 406; *Fulton Trust Co.* v. *Phillips,* 218 id. 573; *Matter of Ossman* v. *Von Roemer,* 221 id. 381; *Hersee* v. *Simpson,* 154 id. 496; *McLean* v. *McLean,* 207 id. 365; *Erwin* v. *Waterbury,* 174 N. Y. Supp. 677.

Supreme Court, April, 1919.          [Vol. 107.

My conclusion is, therefore, that by his will John Pontius intended that his children Leonard S. Pontius and Carrie E. L. Sisson should have title in fee to his real property on his death, and that at that time they took vested remainders in said property subject to the conditions as to life tenancy and rights of heirs of deceased children therein provided; that the deed of Carrie E. L. Sisson to her brother Leonard S. Pontius conveyed to him whatever interest she took under her father's will, in and to the lands therein described, and that under the will of his father, supplemented by the deed of his sister, Leonard S. Pontius became the owner in fee simple of the lands described in the deed of Carrie E. L. Sisson to him, and he continued such owner until his death, and that under his will, which was duly probated, his wife became the owner of the fifty acres in question, and she could and did give a good title by deed to the Becks and their successors in title.

Judgment is therefore directed in favor of the plaintiff for the relief demanded in the complaint, but under the circumstances it will be without costs.

Judgment accordingly.