Matter of the Estate of HENRY BURDEN, Deceased.

(Surrogate's Court, Madison County, May, 1919.)

Wills — intention of testator — trusts — legacy — when testamentary direction to sell real estate is not an equitable conversion.

A testamentary direction to sell the real estate of the testator for a specific purpose is not an equitable conversion for the general purposes of the will.

Where by the will of testator, a pensioner of the Civil War, made about a year before his death at the age of sixty years, the entire income and corpus, if necessary, of his estate was to be devoted to the proper support and maintenance of his widow during her lifetime with full power to sell the real estate, and

all that remained at her death and after the payment of general legacies was devised and bequeathed to a third person in trust to convert the same into money and keep it invested in lawful interest-bearing securities for the benefit of a nephew of the testator and finally paid to him when he became thirty years of age, and it appears that at the death of the testator his estate consisted of a furnished home worth $1,000 and ten acres of land worth $500, and that the personal estate amounted to $5,432.98, that his widow who survived him eighteen years, though her probability of life was but eight years, occupied the home until her decease and had drawn a widow's pension, and it further appears that all of the personal property was used for her care and that a short time before her decease, pursuant to an order of the court, the home was mortgaged for $1,000, it cannot be said either from the will alone or in connection with the extrinsic facts and circumstances that the testator intended to make the payment of the general legacies a charge upon his real estate, and the balance remaining in the hands of the administrator with the will annexed must be paid to testator's nephew or to his judgment creditors.

PROCEEDING upon the judicial settlement of the accounts of an administrator with the will annexed.

Albert F. Devitt, for administrator c. t. a.

John A. Johnson, for certain creditors of Henry Burden, a legatee.

SENN, S.  Henry Burden, the testator, died on or about November 1, 1899, leaving a last will and testament which was duly probated and letters testamentary granted to Mrs. Orcelia Burden, the testator's widow, the executrix named in the will.

On September 22, 1913, the letters to the widow were revoked and letters of administration with the will annexed were duly granted to Wilber M. Henderson, the accounting party herein.

The will gave the widow the use and income of the entire estate during the term of her natural life.  It

awarded her the entire possession, custody, control and management of the estate and provided that in case the income should be insufficient for her proper support and maintenance, she was allowed to use such part of the principal as might be necessary for that purpose. She was also given full power to sell and convey real estate.

After the provision for the wife follow five clauses, each giving a specified sum of money, payable at the death of the widow, viz., to testator's brother, Louis P. Burden, $1,000; to his niece, Nina Burden, $500; to his brother, John F. Burden, $500, or in case of said brother's decease prior to that of the widow, to his daughter, Nina Burden; to a brother, Ira Burden, $500, or in case of his not surviving the widow, to his son, Edgar N. Burden; and to his brother, George B. Burden, $500, and in case he died before the widow, to his daughter, Olive Burden.

The 9th clause is as follows:

"*Ninth.* Upon the decease of my said wife, I devise and bequeath all the rest, residue and remainder of my real and personal estate, of every name and nature, unto Henry B. Compan, of Morrisville, N. Y., *in trust, nevertheless,* and for the purposes and upon the trusts hereinafter recited, that is to say:

"1. To convert the same into money and invest the same in lawful, interest-bearing securities, and keep the same so invested during the continuance of the trust hereby created.

"2. In case my nephew, Henry Burden, shall not have arrived at the age of twenty-one (21) years, then and in that event to pay over the income arising therefrom to my brother, John F. Burden, until such time as the said Henry Burden shall arrive at the age of twenty-one years.

"3. To pay over to the said Henry Burden the sum

of One Thousand Dollars ($1,000.00), of the principal of said residue, when he arrives at the age of twenty-one years; and annually or oftener if may be, to pay over to the said Henry Burden the income arising from the remainder of said residue, until he arrives at the age of twenty-five years.

"4. To pay over to the said Henry Burden the sum of Two Thousand Dollars ($2,000.00) of the principal of said residue, when he arrives at the age of twenty-five (25) years; and to pay over to the said Henry Burden the income arising from the remainder of said residue, until he arrives at the age of thirty (30) years.

"5. To pay over to said Henry Burden the remainder of said residue, together with all accumulations of interest thereon, when he arrives (Henry Burden) at the age of thirty (30) years.

"6. In case of the death of said Henry Burden before he shall become entitled to receive the whole or any part of said residue, then and in that event, to pay over the said residue or the remainder thereof, to my then surviving brothers and sisters, to whom I then devise and bequeath the same, share and share alike; it being my intention that no part of the principal or income of said residue shall vest in the said Henry Burden until the same is due and payable to him under the foregoing provisions of my will."

By the 10th clause Henry B. Compan is nominated as executor of the will "from and after the death of my said wife," with power to sell and convey any of the real estate that may remain unsold at the decease of testator's said wife.

The estate originally consisted of real and personal property. From the account on file it appears that all the personal property was used in the care of the widow, who died in July, 1917, and that during her

lifetime and a short time before her decease, the home premises were, pursuant to an order of the court, mortgaged in the sum of $1,000. Since her decease the real estate mentioned, being all that remains, has been sold. The balance shown to be on hand is $961.47, all of which, except a mortgage of $47.30 held by the estate, is the proceeds of that sale.

A question as to the construction of the will has been raised, the attorney for the administrator claiming that this money is to be paid to the general legatees, while the creditors of Henry Burden insist that it shall be paid to them.

In this, as in all wills, the intent of the testator, unless inconsistent with the law, must be given effect. The intent must, if possible, be read from the will itself. If any provision, otherwise obscure, can be clarified by comparison with the other provisions, this may be done so far as the various parts have any bearing or connection, one to the other. In other words, in ascertaining its meaning all the parts of the will are to be taken together.

Certain rules for interpreting wills have from time to time been promulgated by the courts, but those rules are only aids to interpretation. They are not hard and fast rules, like rules of property, to be applied rigidly in every case; they are for the sole purpose of ascertaining the intention of the testator and when that has been done the intent must control, regardless of all rules that have been formed for the purpose of determining their construction. *Fulton Trust Co.* v. *Phillips,* 218 N. Y. 573.

The general scheme of the will is simple enough. First and above all the testator had in mind the care and maintenance of his wife. The entire income and the corpus, if necessary, was to be devoted to that end and she was to be the sole judge of her own neces-

sities.  Next in his mind were his relatives, none of whom were to have anything until the decease of his wife.  After certain definite sums to be paid to general legatees, all that remained was to be used for the benefit of and finally paid to testator's nephew namesake, Henry Burden.  While there is nothing to indicate that he was influenced by the name, still it is evident that he thought that the residuary legatee would fare better than the others.

If the estate had consisted entirely of personal property, or if the money on hand was a residue of personal property, or if we assume that the direction to the trustee to sell was an equitable conversion of the entire estate into personalty, then it is clear that the general legatees have preference and priority over the residuary legatee.

The law seems quite well settled that a mere power to sell real estate is not an equitable conversion unless the power has been exercised before the accrual of whatever rights may be in question.  In such case there is an actual conversion.  But a positive direction to sell real estate and convert the same into money is under ordinary circumstances an equitable conversion of the real estate into money and the same would have to be considered as money for the purposes of the will.  *Matter of Caldwell,* 188 N. Y. 122, 123.

Had the direction in the case at bar to sell the real estate and convert into money been in general terms and directed to the executor as such, it would have fallen within the rule in *Matter of Caldwell, supra,* but it was a direction to the trustee and apparently for the purposes of the trust only that the imperative direction to sell was given.  That the testator had such a distinction in mind is emphasized by the fact that the wife, during her executorship, is given the power to sell real estate when in her judgment it

should seem advisable, but is not directed to do so. After his wife's death he provides for a new and separate administration of what may remain of the estate, constituting in a way a new and separate will. In this portion of the will he first creates a trust in favor of his said nephew, Henry Burden, and directs the trustee, Henry B. Compan, to convert all the rest, residue and remainder of his estate into money and to invest and apply the same for the benefit of this nephew and *cestui que trust,* meaning no doubt that this should be done *after* the payment of the general legacies. He also makes or nominates said Henry B. Compan executor of the will and empowers him to sell and convey any real estate that may remain unsold at the death of the wife.

So that for the general purposes of the will he merely authorizes a sale of the real estate but for the purposes of the trust he directs it. I think this brings the case within the rule of *Parker* v. *Linden,* 113 N. Y. 28, that a direction to sell for a specified purpose is not an equitable conversion for the general purposes of the will. Had the widow during her lifetime sold the real estate, or had she died before Henry Burden, the nephew, became thirty years of age and the new executor as such sold the real estate, then there would have been an executed power of sale and actual conversion of the real estate into money, and I think that then the proceeds could have been applied to the payment of the general legacies, especially in view of the clause that no part of the principal or income of the residue shall vest in said Henry Burden until the same is due and payable to him under the foregoing provisions of the will. But notwithstanding the provision against vesting, the residue had vested in Henry Burden, the nephew, before the real estate was sold, because he had then reached the age of thirty years and more and the widow was deceased.

An unexecuted discretionary power of sale does not in itself work an equitable conversion of real estate into money.  *Coann* v. *Culver,* 188 N. Y. 9.

Where a conversion is necessary to accomplish the purpose and intention of the testator in the disposition of the proceeds or when the general scheme of the will requires a conversion, although not in terms imperative, the conversion will be deemed to be immediate. *Lent* v. *Howard,* 89 N. Y. 177; citing *Dodge* v. *Pond,* 23 id. 69.

Many more cases might be cited but there seems to be no doubt as to the general rule.

That brings us back to the original question as to whether or not the testator intended to charge the pecuniary legacies upon the real estate. For the reasons stated, I do not think it can be read from the will that he so intended.

The following facts not appearing in the will have been conceded in this proceeding, viz.:

That Henry Burden, the testator, died at Morrisville, N. Y., on November 1, 1899. The will in question was made about eleven months before his decease. He was sixty years of age when he died and his wife was sixty-four. Testator was a veteran of the Civil War and drawing a pension and after his decease his widow received a pension of $8 per month which was later increased to $12 per month. Testator's estate at the time of his decease, as shown by the inventory made soon after, consisted of a house and lot in Morrisville, being his home, worth $1,000, and a lot of ten acres of land near Morrisville worth $500, and personal estate amounting to $5,432.98. The house was furnished suitably for housekeeping and the widow lived there, occupying the home house and lot with its furnishings until her decease in 1917. The testator's probability of life when he died was, as

shown by the Carlisle table, 8.940 years, and that of his wife 8.016 years. In a general way it may be inferred that testator's circumstances did not change materially between the making of the will and his decease. While he probably knew nothing about the Carlisle table, he presumably did not think that his wife would be apt to outlive him by very many years. But she did outlive him by 18 years. He probably expected that she would get a pension as his widow and may have thought that she would apply it toward her support, although she was not obliged to do so. With a furnished home he may have believed that her income would be sufficient under ordinary circumstances and that she would not have to use much of the principal which she was allowed to use in case of need. He probably believed that there was enough personal property to pay the general pecuniary legacies. At least I cannot say that it was so obvious to him that the real estate would have to be resorted to that he must necessarily have intended to charge it with the general legacies.

General pecuniary legacies are not a charge on real estate unless so stated in the will in express language or by necessary implication or unless by extrinsic facts it appears that such must have been the intent. *Brill* v. *Wright,* 112 N. Y. 129; *Irwin* v. *Teller,* 188 id. 32; *Ely* v. *Megie,* 219 id. 112.

In view of the authorities, I cannot say from the will, either alone or in connection with the extrinsic facts and circumstances, that the testator intended to charge the general pecuniary legacies on the real estate.

I therefore hold that the balance in the hands of the administrator with the will annexed must be paid to Henry Burden or his judgment creditors.

Decreed accordingly.