In the Matter of the Judicial Settlement of the Account of JOHN W. RONNER, as Executor of the Last Will and Testament of LISETTE NICKLAS, Deceased.

(Surrogate's Court, Bronx County, October, 1921.)

Wills — construction of — gift to nephews and nieces includes descendants of stepbrother and stepsister.

> Under a gift of a residuary estate to "my nephews and nieces who may survive me" descendants of the stepbrother and of the stepsister of testatrix share with the nephew and nieces of the blood.

PROCEEDINGS on the construction of a will in an accounting proceeding.

Robert H. Bergman, for petitioner, executor.

Holmes, Rogers & Carpenter, for legatees.

Julius D. Tobias, special guardian.

SCHULZ, S.   The decedent left a last will and testament duly probated in this court which contains the following clause:   "Fourth.   All the rest, residue and remainder of my estate, I give, devise and bequeath to my nephews and nieces who may survive me."

Five children of a deceased brother of the decedent survived her as nephew and nieces of the blood.   Five

Misc.]   Surrogate's Court, Bronx County, October, 1921.

children of a stepbrother and two children of a stepsister of the decedent also survived her. In this accounting proceeding the petitioner sets forth that some of the latter maintain that they are included in the designation " My nephews and nieces " in paragraph 4 of the will and that he is in doubt as to whether the nephew and nieces of the blood alone take under the provisions of that paragraph or whether the descendants of the stepbrother and of the stepsister are also entitled to share in the residue, and requests a construction of such paragraph.

The intent of the testatrix must be ascertained from the will and when ascertained, governs. *Matter of Reynolds,* 109 Misc. Rep. 453; *Matter of Monroe,* 107 id. 408; affd., 190 App. Div. 884; *Matter of Burden,* 107 Misc. Rep. 416; cases cited in *Matter of May,* 113 id. 634. To ascertain that intent, the whole will must be examined. *Matter of Fowles,* 222 N. Y. 222; *Matter of Buechner,* 226 id. 440; cases cited in *Matter of Foley,* 104 Misc. Rep. 503.

I reach the conclusion that it was the intent of the decedent to give, devise and bequeath all the rest, residue and remainder of her estate to her nephew and nieces and to the children of her stepbrother and the children of her stepsister, and that all of such persons were meant by the decedent when she used the term " my nephews and nieces " in the said 4th paragraph of her will.

My reasons for this conclusion are that all of the said persons receive legacies under the 3d paragraph of the will and in each case the decedent refers to each of said persons, either as " *my niece* " or " *my nephew* "; that in appointing her executor, she names one of the sons of a deceased stepbrother and refers to him as " *my said nephew* John W. Ronner," and that in the 4th paragraph of the will, the bequest and

devise of her residuary estate is made " to my *nephews* and nieces " whereas if it was her intention only to refer to her nephew and nieces of the blood, the word *nephews* would be incorrect because there is only one nephew of the blood. The testatrix used the terms nephews and nieces not in their strict primary sense, but to denote the children of her brother and the children of her stepbrother and of her stepsister.

Ordered accordingly.