In the Matter of the Accounting of ELMIRA BANK & TRUST COMPANY, as Executor of MAY McDONALD, Deceased.

Surrogate's Court, Chemung County, January 29, 1948.

*Benjamin F. Levy* for executor.

*Mordecai Casson* for Benjamin F. Levy estate.

*Thomas J. Flynn* for Beatrice Espey and others, respondents.

MATHEWS, S. Paragraph "Seventh" of the last will and testament of the decedent provides as follows: "Seventh: All the rest, residue and remainder of my estate, real and personal and wheresoever located, including any lapsed legacies hereunder, I give, devise and bequeath, share and share alike, to my relatives named as devisees and legatees herein, or their representatives."

Petitioner asks for a construction of the meaning of the "relatives" named in the residuary clause of said will.

"Where there is nothing in the context of the will or the surrounding circumstances to disclose a different intention, these words will be presumed to refer to the persons who would be entitled to take the property in case of intestacy. * * *

Persons who were related to the testator by marriage are not entitled to participate in the distribution of the property, unless the will contains language indicating that such was the testator's intentions''. (Davids on New York Law of Wills, § 665.)

Paragraph Third of the will contains two legacies to "my sister-in-law'' and my "niece''. Each of these legatees are relatives by affinity.

Paragraph Fourth of the will contains nine legacies all "to my niece'' or "to my nephew''. Eight of these legatees are relatives by blood and one is a relative by affinity.

Paragraph Fifth gives certain personal property to Helen Crisfield and Merrill Swick, both blood relatives, and directs that they divide said personal belongings among themselves and the other nieces and nephews mentioned in paragraph Fourth of the will; Florence Donnelly, one of the nieces mentioned in paragraph Fourth of said will, is a niece by marriage, but no distinction was made between her and the other nieces and nephews mentioned in paragraph Fourth.

There is nothing in the will which indicates any intention on the part of the testatrix to distinguish between her relatives by blood or affinity; and the commingling of the relatives in paragraphs Third, Fourth and Fifth of the will without distinction as to. blood or marriage relationship leads to the conclusion that the testatrix did not have any distinction in her own mind between her own relatives and the relatives of her husband.

Assuming therefore the general rule that the word " relatives'' in wills should be construed as including relatives by consanguinity and excluding relatives by affinity unless a contrary intention appears, I am satisfied that a contrary intention does appear in the present will. There is nothing in the will itself or in the testimony taken on the hearing to indicate that the testatrix or her attorney entertained any thought with respect to any distinction in the classes of relatives; on the contrary the will itself shows that the testatrix considered all of the legatees as her relatives without distinction as to consanguinity or affinity. In order to hold otherwise, it would be necessary to impute to the testatrix an insight as to the distinction which is not apparent either in the will itself or in the drafting process.

It remains to conclude that if the words " relatives named as devisees and legatees herein '' have any significance at all, they include all of the relatives without distinction as to kind.

Paragraph Seventh, therefore, as it relates to relatives of testatrix named as devisees and legatees therein, is construed to include both her relatives by blood and her relatives by affinity.