OPINION OF THE COURT
Eugene E. Peckham, S.
In this construction proceeding the decedent’s will directs the executor to divide
“my ‘residuary estate’ into twenty-five (25) separate equal shares, so that there shall be one (1) such *220 share for each of my nieces and nephews who shall survive me, and one (1) such share for each of my nieces and nephews who shall not survive me but who shall have left a child or children surviving me.”
The problem presented by this language is that testatrix had 22 blood nieces and nephews either surviving or predeceased with children. She also had three nieces and nephews by marriage, being the nieces and nephews of her predeceased husband. Thus, by including both nieces and nephews by blood and by marriage, the total of 25 is reached.
The purpose of will construction is to determine the intent of the testator (Matter of Fabbri, 2 NY2d 236 [1957]; Matter of Gustafson, 74 NY2d 448 [1989]). Such intention is to be determined from a sympathetic reading of the will as a whole. (Matter of Bieley, 91 NY2d 520 [1998]; Matter of Larkin, 9 NY2d 88 [1961].)
The attorney draftsman of the will, Michael Zuckerman, has submitted an affidavit in which he states that the testatrix indicated to him when he met with testatrix in regard to drafting the will that she had 25 nieces and nephews.
Numerous recent decisions by surrogates in several different counties have received the extrinsic evidence of the affidavit of an attorney draftsman of the will. (Estate of Krakauer, NYLJ, Nov. 2, 2001, at 19, col 2 [Sur Ct, Bronx County]; Matter of Herceg, 193 Misc 2d 201 [Sur Ct, Bronx County 2002]; Estate of Ridder, NYLJ, Aug. 8, 2000, at 28, col 6 [Sur Ct, Nassau County]; Estate of Schumer, NYLJ, July 9, 2003, at 24, col 5 [Sur Ct, Suffolk County]; Estate of Dolbey, NYLJ, June 22, 1999, at 36, col 6 [Sur Ct, Westchester County].) Accordingly, the court will receive and consider the affidavit of Mr. Zuckerman.
All of the living blood nieces and nephews as well as the children of predeceased blood nieces and nephews have submitted consents to construe the will so as to include the three nieces and nephews by marriage.
Ordinarily there is a presumption in will construction that heirs of the blood will be preferred to strangers, and relatives by marriage. (12 Warren’s Heaton, Surrogates’ Courts § 191.06 [2], at 191-119 [6th ed rev].) “The words ‘nieces and nephews’ in their primary and usual sense denote a blood relationship but the significance of these words may be enlarged and their definition may be altered in their employment by a particular testator.” (In re Estate of Platt, 147 NYS2d 716, 718 [Sur Ct, NY County 1955].)
*221 There are several cases where nonblood nieces and nephews have been included in the residuary distribution based upon the language of the will showing the intention of the testator that they should be included. (Matter of Nicklas, 116 Misc 690 [Sur Ct, Bronx County 1921]; Matter of Sulzbacher, 169 Misc 1 [Sur Ct, NY County 1938]; Matter of McDonald, 190 Misc 856 [Sur Ct, Chemung County 1948]; In re Estate of Platt, supra.)
In Nicklas (at 690), the will bequeathed the residuary to “my nephews and nieces who may survive me.” The decedent had five blood nieces and nephews, but also several stepnieces and nephews who were the children of a stepbrother and stepsister. The court relied upon the fact that the testatrix had given legacies in an earlier paragraph of the will to the stepnieces and nephews and had referred to them as “my niece” or “my nephew.” On those grounds, the court concluded the stepnieces and nephews were intended to share in the residuary. (Accord, Matter of Sulzbacher, supra.)
In McDonald (at 856), the residuary was left to “my relatives named as devisees and legatees herein.” Earlier clauses of the will had left legacies to two nieces by marriage and a sister-in-law, among others. Hence, the court concluded: “[T]he testatrix considered all of the legatees as her relatives without distinction as to consanguinity or affinity” and held the relatives by marriage were included in the residuary (at 857).
In Platt, the residuary estate was divided into trusts for nine named nieces and nephews, including one nephew by marriage, with remainder to each one’s issue. The will then provided that if any of the nieces and nephews died without issue, the residue of that trust should be divided “equally between the survivors of such nieces or nephews and the lawful descendants of any who may have heretofore died leaving lawful descendants.” (147 NYS2d at 717.) One of the nephews or nieces died without issue. At that time the nephew by marriage had also died, but left issue. The question thus presented was whether the descendants of the deceased nephew by marriage took a share of the residue of the trust where the life beneficiary died without issue. The court held the “reference to ‘my said nephews’ . . . was intended to include the nephew of testator’s deceased wife” and so his issue did take a share of the trust remainder (147 NYS2d at 718).
In the case at bar, the only way to reach the total of 25 nieces and nephews specified in the will is to read the will to include the three by marriage. The affidavit of Mr. Zuekerman supports *222 this conclusion. Therefore the court holds that the testatrix intended that James Kane, Anne Riley and Mary Herrick, nieces and nephew of testatrix’s deceased husband, should receive a one-twenty-fifth share of the residuary of the estate.