FULTON TRUST COMPANY, as Substituted Trustee under
the Will of JANE V. C. COOPER, Deceased, Respondent,
*v.* BRADLEY H. PHILLIPS et al., as Executors of ELIZA-
BETH M. NEWTON, Deceased, et al., Respondents, and
SAMUEL V. HOFFMAN, as Executor of CORNELIA B.
DE PEYSTER, Deceased, et al., Appellants.

Will — rules as to vesting of estate in futurity — intention of
testator must control where there is doubt as to time of vesting
— residuary clause of will examined and held, that the intention
of the testatrix is that gift of residuary estate is absolute and
that only time of payment or enjoyment is postponed and hence
that legatees took a vested and not contingent estate.

1. Where a contrary intention is not manifested in the will it is a
settled rule of construction that if futurity is annexed to the sub-
stance of the gift, the vesting of title is suspended, but if the gift

is absolute and the time for payment only is postponed the gift is not suspended, but the title vests at once.

2. The so-called "divide and pay over rule" is a canon of construction rather than a rule of property, and like other rules, which are applicable in the interpretation of wills, it is always applied in subordination to the intention of the testator which is expressed in the will.

3. The residuary clause of the will of testatrix devised and bequeathed the residue of her estate in trust to her executor *to divide the net proceeds thereof* into two equal shares and to set apart one of such shares for the benefit of Elizabeth Newton, and "to pay over to said Elizabeth Newton the net annual income of the share so set apart for her benefit, for and during the term of her natural life and from and after her decease to her children in equal shares until they shall respectively attain the age of twenty-one years, and as each of such children shall reach that age to pay over to him or her an equal proportionate part of the principal of such share and of the net accrued income thereof." Elizabeth Newton and her two sons, her only children, are dead. The sons at the time of their death, which was before that of their mother, were both over twenty-one years of age. *Held*, that the intention of the testatrix is clear that the gift of the residuary estate is absolute and only the time of payment or enjoyment is postponed, and hence the sons took a vested and not a contingent estate.

*Fulton Trust Co.* v. *Phillips*, 164 App. Div. 498, affirmed.

(Argued May 31, 1916; decided July 11, 1916.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered December 11, 1914, affirming a judgment of Special Term judicially settling the accounts of a trustee and construing the will of Jane V. C. Cooper, deceased.

The facts, so far as material, are stated in the opinion.

*Henry A. Forster* and *Arthur Sutherland* for Samuel V. Hoffman, as executor, et al., appellants. The direction to convert the realty into personalty, to reinvest its proceeds and then to pay over to Elizabeth Newton the net annual income of her share for life, "and from and

after her decease to her children in equal shares until they shall respectively attain the age of twenty-one years, and as each of such children shall reach that age to pay over to him or her one equal proportionate part of the principal of such share and of the net accrued income thereof " did not and could not create any absolutely vested interest until after the death of Mrs. Newton as well as upon each of her children attaining twenty-one. A gift of the proceeds of an equitable conversion, when or provided a child survives its mother and also reaches the age of twenty-one, is contingent and future, not present and vested during the mother's life. (*Dickerson* v. *Sheehy,* 156 App. Div. 101; 209 N. Y. 592; *Lewisohn* v. *Henry,* 179 N. Y. 352; *Schlereth* v. *Schlereth,* ·173 N. Y. 444; *Matter of Crane,* 164 N. Y. 71; *Matter of Baer,* 147 N. Y. 348; *Smith* v. *Edwards,* 88 N. Y. 92; *Delaney* v. *McCormack,* 88 N. Y. 174; *Vincent* v. *Newhouse,* 83 N. Y. 505; *Teed* v. *Morton,* 60 N. Y. 502; *Herzog* v. *Title G. & T. Co.,* 177 N. Y. 86; *Delafield* v. *Shipman,* 103 N. Y. 463; *Shipman* v. *Rollins,* 98 N. Y. 311.)

*Albert W. Putnam* for Florence B. Lawrence et al., appellants. The evident intention of the testatrix was that the children of Elizabeth Newton should not have any vested interest prior to the death of their mother. (*Robinson* v. *Martin,* 200 N. Y. 159; *Matter of Hoffman,* 201 N. Y. 247; *Matter of King,* 200 N. Y. 189.) No interest vested in the children of Elizabeth Newton upon the death of the testatrix, because there are no words of gift in the will, but only a direction to the trustee to divide or pay at a future time. (*Matter of Crane,* 164 N. Y. 76; *Matter of Baer,* 147 N. Y. 348; *Delafield* v. *Shipman,* 103 N. Y. 463; *Delaney* v. *McCormack,* 88 N. Y. 174; *Lewisohn* v. *Henry,* 179 N. Y. 352; *Salter* v. *Drowne,* 205 N. Y. 204; *Dickerson* v. *Sheehy,* 156 App. Div. 101; 209 N. Y. 592; *Brooklyn Trust Co.* v. *Phillips;*

134 App. Div. 697; 201 N. Y. 561; *Nat. Park Bank* v. *Billings,* 144 App. Div. 536; 203 N. Y. 556.)

*Ellery Anderson Man* for Hermann H. Cammann et al., as executors of Edmund S. Bailey, deceased, appellants. The provisions in Mrs. Cooper's will directing the trustee thereunder as to the disposition to be made by him of the income and principal of the trust fund did not constitute a gift of a vested interest to any of the children of Mrs. Newton. (*Dickerson* v. *Sheehy,* 156 App. Div. 101; 209 N. Y. 592; *Schlereth* v. *Schlereth,* 173 N. Y. 444; *Matter of Crane,* 164 N. Y. 71; *Clark* v. *Cammann,* 160 N. Y. 315.)

*Richard T. Greene* and *John L. Feeny* for Bradley H. Phillips et al., as executors, et al., respondents. The remainders vested in severalty in the children of Elizabeth Newton immediately upon the death of testatrix. (*Matter of Embree,* 9 App. Div. 602; 152 N.Y. 778; *Canfield* v. *Fallon,* 43 App. Div. 561; 161 N.Y. 623; *Hersee* v. *Simpson,* 154 N. Y. 495; *Connelly* v. *O'Brien,* 166 N. Y. 406; *Matter of Young,* 145 N. Y. 535; *Bowditch* v. *Ayrault,* 138 N. Y. 22; *Campbell* v. *Stokes,* 142 N. Y. 23; *Goebel* v. *Wolf,* 113 N. Y. 405; *Cammann* v. *Bailey,* 210 N. Y. 33; *Scofield* v. *Olcott,* 120 Ill. 362; *Carter* v. *Carter,* 234 Ill. 507.) The intent of testatrix disclosed in the will is that the remainder should vest in Elizabeth Newton's children immediately upon testatrix's death. (*Vanderpoel* v. *Loew,* 112 N. Y. 167; *Steinway* v. *Steinway,* 163 N. Y. 183; *Warner* v. *Durant,* 76 N. Y. 133; *Roosa* v. *Harrington,* 171 N. Y. 341; *Brooklyn Trust Co.* v. *Phillips,* 134 App. Div. 697; 201 N. Y. 561; *Hersee* v. *Simpson,* 154 N. Y. 496; *Goebel* v. *Wolf,* 113 N. Y. 413; *Matter of Brown,* 154 N. Y. 313; *Clarke* v. *Cammann,* 160 N. Y. 315; *Fox* v. *Fox,* L. R. [19 Eq. Cas.] 298; *Matter of Parker,* L. R. [16 Ch. Div.] 44.) The technical rule of construction contended for by the appellants

known as the "divide and pay over rule" is not a favored rule and will not be applied where it is possible to avoid applying it. (*Dickerson* v. *Sheehy*, 209 N. Y. 592; 210 N. Y. 131; *Matter of Tienken*, 131 N. Y. 391; *Dougherty* v. *Thompson*, 167 N. Y. 472; *Roosa* v. *Harrington*, 171 N. Y. 341; *Smith* v. *Edwards*, 88 N. Y. 92; *Cammann* v. *Bailey*, 210 N. Y. 19; *Matter of Hoffman*, 201 N. Y. 247.) The technical "divide and pay over" rule is inapplicable to the present will. (*Matter of Embree*, 9 App. Div. 602; 154 N. Y. 778; *Matter of Crane*, 164 N. Y. 77; *Roosa* v. *Harrington*, 171 N. Y. 341; *Hersee* v. *Simpson*, 20 App. Div. 100; 154 N. Y. 496; *Miller* v. *Von Schwarzenstein*, 51 App. Div. 18; *Matter of Batell*, 24 Misc. Rep. 61; *Kuhnardt* v. *Bradish*, 39 Misc. Rep. 103; *Matter of Tims*, 63 Misc. Rep. 151; *Woodruff* v. *Woodruff*, 72 Misc. Rep. 249.)

*Carlos C. Alden, Eugene L. Falk* and *E. C. Schlenker* for Warren N. Cross, respondent. The rule favoring such a construction as shall prevent partial intestacy applies with peculiar force to the case at bar. (*Schult* v. *Moll*, 132 N. Y. 122; *Livingston* v. *Greene*, 52 N. Y. 118; *Hersee* v. *Simpson*, 154 N. Y. 496; *Leake* v. *Robinson*, 2 Meriv. 363; *Pearman* v. *Pearman*, 33 Beav. 394; *Raney* v. *Heath*, 2 Patton & H. [Va.] 206; *King* v. *Isaacson*, 22 L. J. Ch. [N. S.] 455.) The postponement of the enjoyment until such time "as" the beneficiary arrives at a specified age does not prevent the vesting of the interest. (*Sterling* v. *Ives*, 78 Conn. 498; *Allen* v. *Van Meter*, 1 Metc. [Ky.] 264; *Cornelison* v. *Million*, 124 S. W. Rep. 366; *Fisher* v. *Johnson*, 38 N. J. Eq. 46; *Provenchere's Estate*, 1 Campb. [Penn.] 68; *Matter of Bevan*, L. R. [34 Ch. Div.] 716; *Peterson's Appeal*, 88 Penn. St. 397; *Van Hook* v. *Van Hook*, 21 N. C. 589; *Davies* v. *Fisher*, 5 Beav. 201.) The exceptions engrafted upon the so-called pay over rule pre-

37

vents its application to the . provision for the benefit of Mrs. Newton's children. (*Cammann* v. *Bailey*, 210 N. Y. 33; *Matter of Crane*, 164 N. Y. 71; *Warner* v. *Durant*, 76 N. Y. 133; *Zartman* v. *Ditmars*, 37 App. Div. 173; *Davies* v. *Fisher*, 5 Beav. 201; *Vanderpoel* v. *Loew*, 112 N. Y. 167; *Goebel* v. *Wolf*, 113 N. Y. 405; *Ordway* v. *Dow*, 55 N. H. 11; *Kelley* v. *Dike*, 8 . R. I. 436.)

SEABURY, J.   This action is brought by the plaintiff as substituted trustee under the will of Jane V. C. Cooper, deceased, for a judicial settlement of its accounts as trustee of a trust created by the residuary clause of the will for the benefit of Elizabeth Newton and for a construction of the will directing a distribution of the trust estate.

Jane V. C. Cooper, the testatrix, died April 4th, 1890. She left her surviving no husband, descendant or father or mother, but as her heirs at law and next of kin, her three sisters, Cornelia Beekman De Peyster, Elizabeth De Peyster and Catherine Augusta De Peyster, and her niece Mary B. Bailey, all of whom have since died. The appellants are the personal representatives of the deceased next of kin.   Elizabeth Newton, for whose benefit in part the residuary estate was directed to be devoted, was the first cousin of the deceased.   At the time of the execution of the will, on May 28th, 1889, Elizabeth Newton was forty-nine years of age and had been a widow since 1872. She had two sons, Albert L. Newton, then about thirty years old, and Henry J. Newton, then about twenty years old.   Elizabeth Newton never remarried and died on May 16th, 1913.   Prior to that date her two sons, Albert L. Newton and Henry J. Newton, had each died without issue, but both at the time of their death were over twenty-one years of age.   The respondents are the personal representatives of the said Elizabeth Newton, Albert L. Newton and Henry J. Newton. .

The residuary clause of the will of the testatrix which it is necessary to construe in this action is as follows:

"*Thirteenth.* All the rest, residue and remainder of my estate, I give, devise and bequeath to my Executor hereinafter named in trust to collect and receive the rents, issues and profits thereof and to convert the realty into money at public or private sale and at such time or times and upon such terms as in his judgment may appear for the best interests of my estate, *to divide the net proceeds thereof*, together with the personalty of my residuary estate into two equal shares and to set apart one of such shares for the benefit of Elizabeth Newton, of Fredonia, in the State of New York, and the other of such shares for the benefit of Dorus Bailey, Florence Bailey and Mary De Peyster Bailey, three of the children of my niece, Mary B. Bailey, and to invest said shares upon Bond and Mortgage of otherwise unincumbered real estate, or upon other lawful securities, with liberty to change the investment or investments at his discretion for any other of the kind above described and to collect and receive the income thereof and to dispose of the same and of the principal of such shares as follows, to wit: *First.* To pay over to said Elizabeth Newton the net annual income of the share so set apart for her benefit, for and during the term of her natural life and from and after her decease to her children in equal shares until they shall respectively attain the age of twenty-one years, and as each of such children shall reach that age to pay over to him or her an equal proportionate part of the principal of such share and of the net accrued income thereof. *Second.* To pay the net annual income of the share so set apart for the children of Mary B. Bailey to or for the benefit of said children respectively in equal shares until the youngest of said three children shall reach the age of twenty-one years or die, whichever event shall first take place, and thereupon to distribute such share with all accrued income thereof to and among said three children the survivor or the sur-

vivors of them equally, share and share alike, the issue of a deceased child to take the share to which its parent would have been entitled if living."

The trust referred to in this clause for the benefit of the children of Mary B. Bailey has been administered and accounted for and is not in dispute in this action. The learned courts below have held that the two sons of Elizabeth Newton took vested remainders in the trust estate for the benefit of Elizabeth Newton and awarded this estate to the personal representatives of the sons of Elizabeth Newton. The correctness of that determination is challenged upon this appeal. In the interpretation of this will the consideration of paramount importance is to discern the intention of the testatrix as expressed in the will. All other rules for the interpretation of wills are subordinate to the requirement that the intention of the testatrix should be sought and given effect when that may lawfully be done. The general scheme of the will as well as the specific clause which attempts to dispose of the residuary estate is indicative of the intention of the testatrix that the disposition of the residuary estate should be a complete and final disposition. The circumstances disclosed in the will vindicate the presumption that the testatrix did not intend to die intestate as to any portion of her estate. Yet if the gift contained in the residuary clause was contingent, as claimed by the appellants, the testatrix must be held to have died intestate as to this portion of her residuary estate. If the gift had been out of the general estate the reason for believing that the testatrix intended it should be vested rather than contingent would not be as plain and cogent as where the gift is of the residuary estate itself. (*Roosa* v. *Harrington*, 171 N. Y. 341; *Hersee* v. *Simpson*, 154 N. Y. 496, 502.)

The residuary clause contains a clear direction severing and setting apart a particular portion of the estate to be applied to the specific purpose declared in that clause. Such an explicit direction for severance of a particular por-

tion of the estate is in harmony with an intent that the gift should vest rather than that it should be contingent. (*Vanderpoel* v. *Loew,* 112 N. Y. 167; *Steinway* v. *Steinway,* 163 N. Y. 183.) Not only did the testatrix provide for the severance and setting apart of a portion of her residuary estate, and that the income of that portion should be paid to Mrs. Newton during her life, and after her decease to her children until they shall respectively attain the age of twenty-one years, and that upon attaining that age the principal should be paid to them, but there is no provision in the will for a gift over or any words of survivorship relating to the principal gift. The absence of a gift over in the alternative and of any words of survivorship in this connection has a special significance arising from the fact that in other provisions of the will where the testatrix desired to provide for survivorship she used apt words expressive of such a purpose. The residuary clause contemplates the possibility that Mrs. Newton might die before both of her sons attained the age of twenty-one years. It is clear that in the event of this situation presenting itself that the income was to be paid to her sons during their minority. The fact that a proportionate share of the income arising from the portion of the estate so placed in trust, is explicitly directed to be paid to the sons of Mrs. Newton during their minority in the event of the death of their mother, and that this direction as to the payment of the income is followed by a gift of the principal to her sons, is also expressive of an intent that the gift should vest in the sons of Mrs. Newton. In *Vanderpoel* v. *Loew* (*supra*) the court said: "The case is one in which the whole income of each share, from the death of the parent to the time of payment, is bequeathed to the remaindermen, a circumstance to which we have invariably given great weight as denoting an intention to vest the remainder from the time at which the income begins to issue." (p. 181.)

All of the circumstances referred to above, when con-

sidered together, clearly evince an intention on the part of the testatrix that she should not die intestate as to the portion of her estate bequeathed in the residuary clause. We find nothing in the residuary clause or in the will when considered as a whole, indicative of a contrary intention. On behalf of the appellants it is earnestly argued that in the residuary clause the gift is in the direction to pay or distribute at a future time and that in such a case the gift will be considered not as one in which the payment and distribution only is deferred, but as one in which time is of the essence of the gift. Where a contrary intention is not manifested in the will it is a settled rule of construction that if futurity is annexed to the substance of the gift, the vesting of title is suspended, but if the gift is absolute and the time for payment only is postponed the gift is not suspended, but the title vests at once. While a great many authorities might be cited in support of this proposition it is sufficient to refer to *Matter of Embree* (9 App. Div. 602; affd., 154 N. Y. 778); *Dickerson* v. *Sheehy* (156 App. Div. 101; affd., 209 N. Y. 592) and *Cammann* v. *Bailey* (210 N. Y. 19, 30), where the leading authorities on this subject are reviewed.

In the case now under consideration we think that the intention of the testatrix is clear that the gift of the residuary estate is absolute and only the time of payment or enjoyment is postponed. Futurity is not annexed to the substance of the gift. The so-called "divide and pay over rule" which the appellants invoke, would, if applied to this case, be destructive of the intention of the testatrix as that intention is revealed in her will.

In *Cammann* v. *Bailey* (*supra*), where the rule which the appellants seek to have here applied was under discussion, Judge CHASE said: "The intention of the testator being reasonably clear, it is quite unnecessary to discuss the decisions made in other cases involving the vesting of property held in trust. Rules for the construction of wills are for the sole purpose of ascertaining

the intention of the testator, and if the intention is clear and manifest it must control, regardless of all rules that have been formed for the purpose of determining their construction." In *Matter of Tienken* (131 N. Y. 391, 409) Judge FINCH said: "We have heretofore said that the rule of construction founded upon a gift flowing only from a direction to divide has many exceptions, and is to be used as an aid to ascertain the intention and not as a force to pervert it."

The so-called "divide and pay over rule" is a canon of construction rather than a rule of property, and like other rules, which are applicable in the interpretation of wills, it is always applied in subordination to the intention of the testator which is expressed in the will. It is not a hard and fast rule which must of necessity be applied whenever a certain form of words is used without regard to the expressed intention of the testator. The "divide and pay over rule" like all other rules which courts utilize to aid in the interpretation of wills is available to facilitate them in ascertaining the real intention of the testator. In searching for the intention of the testator, where there is nothing in the will which bespeaks a contrary purpose, the "divide and pay over rule" may furnish valuable aid. Notwithstanding the criticism to which the rule has been subjected (*Dickerson* v. *Sheehy, supra*), we recognize the force of the rule and have not hesitated to give it effect when to do so aids in the discovery of the intention of the testator. It is a rule which courts will never apply, where to do so would nullify the expressed intention of the testator. The arguments of the learned counsel for the appellants, in which they attempt to establish that the testatrix did not intend that the sons of Mrs. Newton should have any vested interest prior to the death of their mother and in which they urge that the "divide and pay over rule" should be held applicable to this case, need not be further discussed. We have already sufficiently indicated that the will discloses

the intention of the testatrix that the sons of Mrs. New-
ton should take a vested and not a contingent estate.

It follows that the judgment appealed from should be
affirmed, with costs.

WILLARD BARTLETT, Ch. J., HISCOCK, CHASE, COLLIN,
HOGAN and CARDOZO, JJ., concur.

Judgment affirmed.