MICHAEL DOTE, Individually and as Administrator, etc., of JOSEPH DOTE, Deceased, Appellant, *v.* ANNA D. YOST, Individually and as Executrix, etc., of ROSA DOTE, Deceased, and Others, Respondents.

Fourth Department, July 1, 1919.

**Will — unlawful suspension of power of alienation of real property — " divide and pay over rule " applied.**

A will by which a testatrix expressly directs that when all of her minor grandchildren, naming them, shall become twenty-one years of age or when all living shall arrive at such age the executrix or administrator with the will annexed shall sell and convey specified real estate and divide the proceeds in equal shares between said grandchildren if all are then living, and if any are dead, between the survivors, and that such sale, conveyance and division shall not take place before the death of her husband, and in the meantime gives and devises the use of said property to her husband and in case of his death before the time for said sale gives and devises the use of said property to her daugher until such time if she shall live so long, unlawfully suspends the power of alienation.

Futurity is annexed to the substance of such devise, the remainder is contingent and the power to alienate the property is suspended for more than two lives in being at the death of the testatrix.

The " divide and pay over rule " must be applied and in the scheme of the aforesaid provision of the will there are no persons who can convey the fee of the property within the period of two lives in being at the death of the testatrix.

APPEAL by the plaintiff, Michael Dote, individually and as administrator, from part of a judgment, decree and interlocutory judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of Oneida on the 28th day of January, 1919, upon the decision of the court after a trial at the Oneida Trial Term before the court without a jury.

The appeal is taken from so much of the judgment as decrees that the will of Rosa Dote, deceased, late of the city of Utica, is valid to dispose of and convey the real property described in said will.

*P. H. Fitzgerald,* for the appellant.

*E. P. Jordan,* for the respondent Anna D. Yost, individually and as executrix, etc., of Rosa Dote, deceased.

*F. J. De La Fleur,* guardian *ad litem,* for the respondents Dote.

*Herbert C. Sholes,* guardian *ad litem,* for the respondents Yost.

DE ANGELIS, J.:

The action was brought for the partition of two certain parcels of land situate in the city of Utica, in the county of Oneida and State of New York, alleged to be owned in common by the plaintiff individually and the defendant Anna Dote Yost, Joseph Pole, George Pole and Frank Pole. The complaint alleged an attempted devise of the first parcel of land described therein by the last will and testament of one Rosa Dote and that such devise was void because the testatrix sought thereby to suspend the power to alienate such parcel of land for a period longer than two lives in being at her death.

The answers maintained the validity of the devise and the Trial Term sustained the defense.

Rosa Dote died in the city of Utica on or about November 24, 1917, leaving a last will and testament, dated July 2, 1917, which was duly admitted to probate in the Surrogate's Court of Oneida county on or about March 1, 1918. Letters testamentary were duly issued to the defendant Anna Dote Yost, she having been nominated as executor thereof and having duly qualified for that purpose.

Rosa Dote left her surviving her husband, Joseph Dote, and as her heirs at law and next of kin, a son, the plaintiff, Michael Dote, a daughter, Anna Dote Yost, a grandson, Joseph Pole, a grandson, George Pole, and a grandson, Frank Pole, all defendants herein.

Rosa Dote at the time of her death was seized and possessed of the parcel of real estate first described in the complaint.

Joseph Dote, the husband of Rosa Dote, died intestate in the city of Utica on or about April 17, 1918, and thereafter and on or about April 22, 1918, the plaintiff Michael Dote was duly appointed administrator of the estate of Joseph Dote and letters of administration were thereupon issued to him, he having duly qualified for that purpose. Joseph Dote left

him surviving as his only heirs at law the same persons as those who were the heirs at law and next of kin of Rosa Dote.

A copy of the last will and testament of Rosa Dote is set out in the record, and those parts material to this controversy are as follows:

" *Second.* If my husband Guiseppe Doti [Dote] shall survive me, I give, devise and bequeath to him all personal property owned by me at the time of my death, and the use for and during his natural life of the property described in a deed to me under the name of Rose Doat, from John F. Daprix and Louise Daprix, dated August 28th, 1912, and recorded in the Oneida County Clerk's office August 28th, 1912, in Book 685 at page 454.

" If my said husband survives me from and after his death and until the time for sale thereof arrives as hereinafter provided, and if he does not survive me from and after my death and until such time for sale arrives I give, devise and bequeath to my daughter, Anna Doti Yost, the use of the real estate described in said deed from Daprix and wife. I expressly direct that when all of my following named grand-children, namely, Ida, Elizabeth, Virginia and Alma, children of my said daughter Anna Doti Yost, and Joseph and Rosa, children of my son Michele Doti, shall arrive at the age of twenty-one years, or when all living shall arrive at such age, provided my husband shall then be dead, and if he shall then be living at his death the executrix hereof, or the adminis-trator with this, my will annexed duly appointed, shall sell and convey the real estate described in the deed from said Daprix and wife and after the deduction of the costs and charges of such sale divide the remainder of the proceeds in equal shares between my said grandchildren, if all are then living, and if any are dead between the survivors.

" *Third.* If my said husband does not survive me, I give, devise and bequeath all my personal property and estate to my daughter, Anna Doti Yost."

At the time of the death of the testatrix, to wit, November 24, 1917, her grandchildren mentioned in the second item of her will were of the ages stated in the following, respectively: Elizabeth Yost was six years of age; Virginia Yost was about five years of age; Alma Yost was about three years of age;

Joseph Dote was about four years of age; and Rosa Dote was about three years of age.

The slight departure from and transposition of the original language of the second item of the will appearing in the following, will make, in my opinion, the intention of the testatrix clearer than such intention is disclosed in such original language:

I expressly direct that when all of my following named grandchildren, namely, Ida, Elizabeth, Virginia and Alma, children of my daughter Anna Dote Yost, and Joseph and Rosa, children of my son Michael Dote, shall arrive at the age of twenty-one years, or when all living shall arrive at such age, the executrix hereof, or the administrator with this, my will annexed duly appointed, shall sell and convey the real estate deeded to me by John F. Daprix and Louise Daprix, and after the deduction of the costs and charges of such sale divide the remainder of the proceeds in equal shares between my said grandchildren, if all are then living and if any are dead, between the survivors; but such sale, conveyance and division shall not take place before the death of my husband Guiseppe Dote, and meantime I give and devise the use of said property to my said husband and in case of his death before the arrival of the time for such sale, conveyance and division, I give and devise the use of said property to my daughter, Anna Dote Yost, until such time if she shall live so long.

While I know that the presumption is that the testatrix did not die intestate as to this real estate, at the same time I am unable to discover any reasonable basis upon which the attempted disposition of this real estate can be sustained. I think that futurity is annexed to the substance of the devise, that the remainder is contingent and that the absolute power to alienate the property is suspended for more than two lives in being at the death of the testatrix. In my opinion the " divide and pay over rule " must be applied and in the scheme of this provision of the will there are no persons who can convey the fee of this property within the period of two lives in being at the death of the testatrix. (*Fulton Trust Co.* v. *Phillips,* 218 N. Y. 573.) If all these grandchildren named in the will had died before the death of the husband of the testatrix, she would have died intestate as to this property except as to his life estate. Hence, there were no persons in being at

the time of her death who could convey title to the property. There were five of these grandchildren, and, assuming that one or more might ultimately be vested with the title to this property, or be entitled to the proceeds thereof, that person, or those persons are uncertain and the time when the title might pass or the proceeds be realized and paid over is indefinite. There was also the life estate of the husband of the testatrix, so that the person or persons in whom and the time when the title to the property or its proceeds would vest could not be ascertained within the period of the lives of fewer than six persons in being at the time of the death of the testatrix.

It follows from the foregoing that that part of the judgment appealed from must be reversed and a new trial granted, with costs to the appellant to abide the event.

All concurred.

Interlocutory judgment so far as appealed from reversed and new trial granted, with costs to appellant to abide event.