In the Matter of the Accounting of BROOKLYN TRUST COMPANY, as Surviving Trustee, and FLORENCE N. GOTTSCH, as Executrix of ELSIE T. YOUNG, Deceased Trustee, under the Will of WILLIAM V. YOUNG, Deceased.

Surrogate's Court, Kings County, August 2, 1949.

*William K. Allison* for trustee and executrix, petitioners.

*Michael J. Ryan* for Eliot P. Young, individually and as executor of Peter J. Young, deceased, as administrator *c. t. a.* of Henry G. Young, deceased, and as administrator *c. t. a.* of Belle C. Young, deceased, respondent.

*Haff & Farrington* for Florence N. Gottsch, as executrix of Elsie T. Young, deceased trustee under the will of William V. Young, deceased.

*Hurley, Gray & Kearney* for Brooklyn Home for Blind, Crippled and Defective Children, respondent.

*Lazansky, Callaghan & Stout* for Church Charity Foundation of Long Island (St. John's Hospital), respondent.

*George F. Dietz* for Evangelical Home Society of Brooklyn, respondent.

*Raymond R. Fiero* for Faith Home for Incurables, respondent.

*Hutton & Holahan* for House of St. Giles the Cripple, respondent.

*Cadwalader, Wickersham & Taft* for Salvation Army, respondent.

McGAREY, S. The testator's widow having died, the principal of the trust created for her benefit under the testator's will is

presently distributable. Construction of the will is sought to determine whether the remainder interests vested on testator's death or whether such remainder interests vested subject to divestment in the event any of the individuals survived testator but predeceased the life tenant or whether such remainders were contingent. The question arises because three of the named remaindermen survived testator, but predeceased the life tenant.

Article " Seventh " of the will directs the executors and trustees to distribute the residue, including ultimately the afore-said trust fund, in equal shares among seven named persons and seven charities; and further provides should any of the persons predecease testator, leaving lawful issue, the issue to take the parent's share, and if there be no issue " I give the share of the one so dying to the survivor or survivors of the said legatees [meaning named persons], and if all of them predecease me, I direct that the shares of said legatees be distributed in equal proportions among the beneficiaries last above named " (mean-ing the charities). Following such provision is an unnumbered paragraph providing that title to no part of the legacies shall vest in the legatees or beneficiaries until actual distribution and no part of said legacies shall be sold, transferred or otherwise encumbered or be liable for any judgment or claim of whatso-ever nature; and if any legatee or beneficiary undertakes to sell or encumber the legacy intended for him, her or it, the share of such one shall be forfeited and distributed equally among the remaining residuary legatees and beneficiaries.

None of the residuary legatees encumbered their legacies, hence the forfeiture has not occurred. It would appear that the dominant intent of the testator was that the legacies when paid should not be subject to the claims of legatees' creditors or assignees. Testator did not, however, specifically provide in that paragraph for disposition of a share of a legatee surviving him but predeceasing the life beneficiary. He did provide for a similar situation in article " Sixth " wherein he bequeathed to a grandniece the sum of $10,000 upon attaining age twenty-one but if she either predeceased him or died before attaining her majority he made gift over to her grandmother. Throughout the entire will testator provided for substitutional gifts if the primary legatee predeceased him. The will evidences a definite intent that there should be no intestacy whatever.

By giving the word " title " the meaning " legal title " harmony is effected with the other provisions of the will. The provision for forfeiture implies that the gift has vested or

taken effect (*Booth* v. *Baptist Church,* 126 N. Y. 215, 242). Words of present gift, and the absence of a gift over should a legatee survive testator but die before actual distribution is indicative of an intent that the division relates merely to the period of actual enjoyment and not to the vesting of the gift. (*Matter of Young,* 145 N. Y. 535, 539; *Fulton Trust Co.,* v. *Phillips,* 218 N. Y. 573, 581). The direction that title should not vest until distribution is merely a postponement of the time of enjoyment of an estate already vested (*Matter of Tienken,* 131 N. Y. 391; *Fulton Trust Co.* v. *Phillips, supra*).

The gift of a remainder *nominatim* indicates an intent to give a vested interest to the named person upon testator's death (*Matter of Evans,* 165 Misc. 752, 763, affd. 258 App. Div. 1037, affd. 284 N. Y. 571; *Matter of Soy,* 143 Misc. 217, 221); as are also words of present gift (*Connelly* v. *O'Brien,* 166 N. Y. 406, 409; *Matter of Seaman,* 147 N. Y. 69). Further an absolute gift will not be cut down by a later provision not equally clear (*Tillman* v. *Ogren,* 227 N. Y. 495; *Adams* v. *Massey,* 184 N. Y. 62; *Roseboom* v. *Roseboom,* 81 N. Y. 356). The concurrent operation of these rules compels the holding that the gifts vested on the death of the testator. Accordingly the remainders are payable to the seven named individuals, who survived testator, and the seven charities, the shares of those individuals who survived testator but predeceased the life beneficiary being payable to their respective estates.

The attorneys for the representative of the deceased cotrustee have filed an affidavit of services rendered on behalf of said representative in this accounting and ask for the fixation of their fees and payment thereof out of the trust fund. They do not, however, specify the sum sought. Accordingly they are directed to file an affidavit and serve a copy thereof upon all parties who have appeared herein by attorney, stating the amount they believe to be the reasonable value of such services. Upon the submission of the decree and the filing of such affidavit the court will consider whether the attorneys are entitled to any compensation and the amount thereof or whether, in view of the objections filed to the award of any compensation, payable out of the trust, there should be a hearing in the matter.

Submit decree, on notice, accordingly.