In the Matter of the Estate of SIGMUND ASHNER, Deceased. ERNEST L. FRIEND, Individually and as Trustee under the Will of EMIL FRIEND, Deceased, et al., Appellants; BANK OF NEW YORK et al., Respondents.— In a proceeding to judicially settle the final account of the Bank of New York, as trustee of the trust for Bertram Fink, created under a codicil of the will of Sigmund Ashner, deceased, and for construction of the will and codicil to determine the disposition of the remainder of such trust, the appellants, consisting of heirs of Ida Ashner, the testator's deceased wife, appeal, as limited by their brief, from so much of a decree of the Surrogate's Court, Kings County, entered February 9, 1965, as: (1) adjudged that the interest of decedent's son, Robert Randolph Ashner, in the remainder of the trust was not indefeasibly vested in him; that said remainder interest was divested upon his death prior to the death of Bertram Fink (the life beneficiary of the trust); that upon the death of Bertram Fink without issue the property constituting said remainder became distributable (subject to certain stated conditions not here material) as the residuary estate of the testator; that the persons constituting the testator's "heirs-at-law" are to be determined as though the testator "had died at the time of the death of Robert Randolph Ashner predeceased by Robert Randolph Ashner"; and that the will and codicil are construed accordingly; (2) adjudged that the determination of the identity of the persons entitled to the remainder of the trust and of the amounts or shares in which such remainder is distributable is reserved for further proceedings, and (3) adjudged that all claims that the remainder of the trust was indefeasibly vested in Robert Randolph Ashner are dismissed on the merits. Decree modified on the law and the facts by striking out the portions appealed from except the portion which reserves for future proceedings the determination of the identity of the persons entitled to the remainder of the trust and the determination of the amounts or shares in which such remainder is distributable; and proceeding remitted to the Surrogate's Court for settlement and entry of a decree construing the testator's will and codicil in accordance with this decision. As so modified, decree, insofar as appealed from, affirmed, with costs to all parties filing separate briefs payable out of the trust. Findings of fact inconsistent herewith are reversed and new findings are made as indicated herein. By the "sixth" paragraph of the codicil to his will executed in 1921, the testator, Sigmund Ashner, set up a trust for the benefit of his godson, Bertram Fink, for the term of his natural life. In this paragraph the testator directed that on the death of Bertram Fink, the trust shall cease, and in the event he leaves issue surviving, the trust fund shall be given in equal parts to such issue absolutely. The testator further provided: "In the event of the death of the said Bertram Fink without leaving issue him surviving, * * * I give, devise and bequeath the said trust estate to my son Robert Randolph Ashner." No express provision was made in respect of this trust remainder for the contingency that Robert Randolph Ashner might predecease Bertram Fink. The testator died in 1928, survived

by his wife, Ida Ashner, and his son, Robert Randolph Ashner. Robert Randolph Ashner died, without issue, in 1929. His will left his entire residuary estate to his mother, Ida Ashner. She died in 1931. Her will left her residuary estate to her relatives who (or their successors) are the appellants herein.[*] Bertram Fink, the life beneficiary of the trust, died in 1961 without issue. The Surrogate, on the authority of *Matter of Larkin* (9 N Y 2d 88), held that the remainder of the trust was not indefeasibly vested in the testator's son upon the testator's death but was divested by the death of the son prior to the death of the life beneficiary, and that, therefore, the remainder passes under the residuary clause of the testator's will. We disagree with that construction. In the *Larkin* case there was a gift over to the son's children; there is no such substitutionary gift of Robert Randolph Ashner's remainder interest in the subject trust. The absence of a gift over or words requiring survivorship is indicative of an intent that the remainder should vest absolutely (*Fulton Trust Co.* v. *Phillips*, 218 N. Y. 573; *Cammann* v. *Bailey*, 210 N. Y. 19; *Matter of Inslee*, 233 App. Div. 144, 146; *Matter of Sweazey*, 2 A D 2d 292, 297). Nor is there merit in respondents' argument that the dominant plan of the testator, as gleaned from the entire will, was that the gift to Robert Randolph Ashner was contingent upon his surviving the life tenant. On the contrary, in other parts of the will where the testator desired to provide for survivorship, he did so by the use of apt language for such purpose. The failure to so provide militates against the reading of a requirement of survival into the remainder in question (*Matter of Sweazey, supra,* p. 297; *Fulton Trust Co.* v. *Phillips, supra,* p. 581). Moreover, although the gift of the remainder to testator's son was subject to the specified condition precedent that Bertram Fink die without issue, this does not give rise to an inference that the gift is also subject to a requirement that the son survive the life tenant (*Matter of Sweazey, supra,* p. 296). "The courts are intent on restricting defeating events to the exact circumstances specified". (*Matter of Krooss*, 302 N. Y. 424, 428.) Further expressions of an intent to create a vested remainder are the use of words of present gift in disposing of the remainder and the designation of the son *nominatim* (*Matter of Norton*, 122 N. Y. S. 2d 708, 711–712, and cases there cited). In our opinion, therefore, it was the intention of the testator, as manifested by the terms of his will, that the gift to his son of the remainder of the Bertram Fink trust should vest in him upon his (the testator's) death and that such gift should not be divested by the death of the son prior to the death of Bertram Fink without issue. The decree to be entered hereon should construe the will accordingly. Although the apparent result of this construction is that the major portion of the trust estate will pass to Ida Ashner's heirs rather than to the testator's heirs (which would be the result if we were to sustain the Surrogate's construction), the rule of construction favoring a testator's blood relatives over strangers may not properly be invoked or applied except where some ambiguity or lack of clarity requires its application for the purpose of resolving a doubt otherwise introduced by the terms of the will (*Matter of Villalonga*, 6 N Y 2d 477, 482). Application of that rule is not required here. However, on the record presented, we find no error in the Surrogate's adjudication reserving for future proceedings the determination of the identity of the persons entitled to the remainder of the trust and the determination of the amounts or shares in which such remainder is distributable. Beldock, P. J., Ughetta, Brennan and Benjamin, JJ., concur; Hopkins, J., dissents and votes to affirm the decree.

---

[*] The respondents, with the exception of the trustee, are heirs-at-law of the testator.