Millard L. Midonick, S.
The court has been presented with a petition and cross petition for the appointment of a successor trustee for the testamentary trust established by paragraph Second of the will. The petitioners are the fiduciaries of the estate of Harold Flatto, the deceased trustee and sole residuary beneficiary. The cross petition was filed by the fiduciaries of the estate of testator’s former wife, Eugenia Clair Smith, who is named the remainderman of the trust but who predeceased the life income beneficiary. The petitioners contend that the remainder to Eugenia Clair Smith was intended to be vested subject to complete defeasance upon the failure to survive the life incorñe beneficiary and that it now passes to the residuary beneficiary. Paragraph Second of the will provides: "I give and bequeath to my Executor and Trustee hereinafter named, 50% of the remainder of my estate in trust to pay to my son Ivan Townsend Flatto, the quarterly income from the date of my death. Upon the death of my said son, all of the said principal with all unexpended income thereon shall be paid to his mother, Eugenia Clair Smith, of the state of Nevada.”
Testator married Eugenia Clair Smith in 1940 and was divorced in 1942. Ivan Townsend Flatto named in the will was the natural son of Eugenia and was adopted by the testator following his marriage to her. Both Ivan and Eugenia survived the testator but Eugenia died on October 3, 1973.
*503 The issue presented is whether the remainder of the paragraph Second trust was vested in Eugenia Clair Smith absolutely or whether she had a vested remainder interest subject to complete defeasance if she failed to survive the life income beneficiary.
The court determines that the remainder interest vested in Eugenia Clair Smith upon the date of testator’s death. The remainder was given to her nominatim. No survivorship clause is contained in paragraph Second of the will nor is there any alternative gift over of the remainder in the event that the remainderman predeceases the income beneficiary. (Matter of Vought, 57 Misc 2d 396, affd 30 AD2d 805, affd 25 NY2d 163; Matter of Ashner, 24 AD2d 595.) The cases Matter of Gautier (3 NY2d 502) and Matter of Larkin (9 NY2d 88) relied upon by petitioners for their position that the remainder was intended to be vested subject to complete defeasance upon failure to survive the income beneficiary are distinguishable. Those cases dealt with wills which contained words of survivorship or a substitutionary gift. In the instant case, while the time of enjoyment of the former wife’s remainder interest was postponed, there is here no express or implied requirement of survival. The absence of a gift over or words requiring survivorship is indicative of an intent that the remainder should vest absolutely. (Matter of Ashner, supra.)
The court is unable to agree with the contention of the executors of the Estate of Harold Flatto that the remainder did not vest at the time of decedent’s death and is distributable as part of the residuary estate. Accordingly the court rules that the decedent’s former spouse has a vested remainder under the terms of paragraph Second. The cross petition by the executors of her estate for their appointment as successor testamentary trustees is granted. The petitioners have no interest in this trust and their application is denied.