Matter of Ledoux (2018 NY Slip Op 03435)





Matter of Ledoux


2018 NY Slip Op 03435


Decided on May 10, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 10, 2018

Richter, J.P., Manzanet-Daniels, Webber, Oing, Moulton, JJ.


6508 3324/79A

[*1] In re the Proceeding of the Construction of the Will of Jean L. Ledoux, Deceased.
Fiduciary Trust Company International, Trustee, Petitioner,
v
Estate of Jeanne Nicole Ledoux, Respondent-Respondent, Estate of Joan Ledoux, Respondent, Renee Sands Tobin, etc., Respondent-Appellant.


Genova Burns LLC, New York (Lawrence Bluestone of counsel), for appellant.
Greenfield Stein & Senior, LLP, New York (Gary B. Freidman of counsel), for respondent.



Order, Surrogate's Court, New York County (Rita Mella, S.), entered March 10, 2017, which directed petitioner trustee of the Article Tenth Trust created in decedent's will to pay the remainder to the estate of Jeanne Nicole Ledoux, unanimously affirmed, without costs.
The court correctly concluded that neither the donative language in the will of decedent's son, Louis, nor decedent's will, provided a condition that the remainderman, Jeanne (Louis's daughter), survive the life estates of her parents, either expressly or by implication. Respondent Tobin, who is decedent's great granddaughter, argues that the decedent's will reflected an intention to limit bequests to survivors in that numerous bequests were conditioned upon survival. However, as the court noted, a limitation on bequests in one section of the will and the failure to include that limitation in others demonstrated decedent's ability to make a limited gift when she had that donative intent (see Matter of Ashner , 24 AD2d 595, 596 [2d Dept 1965]). Moreover, the condition of survival in the other sections of the will only referred to surviving decedent.
The direction of decedent's will that Louis appoint a class of persons to receive the remainder also did not imply a condition of survival. Rather, decedent may have wanted to permit Louis to include any future children in the bequest (see Matter of Sweazey , 2 AD2d 292, 296 [3d Dept 1956]).
Tobin's argument that decedent would not have wanted her remainder estate to pass to beneficiaries of the will of her daughter-in-law, rather than to her blood relative (Tobin), is unpersuasive. The presumption favoring blood relatives over strangers is not properly invoked unless there is some ambiguity or lack of clarity which requires resolving a doubt introduced by the terms of the will, rather than speculation as to what
decedent might have wanted (see Ashner , 24 AD2d at 596]). Here, there was no ambiguity in the will.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 10, 2018
CLERK