In the Matter of the Application of CHARLES N. PERRIN, Executor, and Another, Legatee, for a Judicial Construction of the Will of SYBIL PERRIN INSLEE, Deceased.

CHARLES N. PERRIN, Executor, and Another, Appellants; NEW YORK STATE TAX COMMISSION and Another, Respondents.

Fourth Department, June 30, 1931.

*Edward R. Bosley*, for the appellants.

TAYLOR, J.  Sybil Perrin Inslee and her husband began living separate and apart in 1918, pursuant to a court judgment.  A son, Randolph Perrin Inslee, had been born to them in October, 1906. The wife was given custody of the son.  When Mrs. Inslee died in 1929 her only estate consisted of personal property of the gross taxable value of $45,588.20.  May 1, 1926, Mrs. Inslee made her last will and testament, in which, in general terms, she left her estate to her son; but the will provided that if he died before his mother, then the property was to go to the brothers and sisters of the testatrix, or their descendants.  Decedent's husband is still living, but was not mentioned in the will.  He has been made a party to this proceeding, and has waived all right to be heard upon this appeal.

Testatrix predeceased her son, and the provision for him out of her estate furnishes the subject of the controversy here.  The State Tax Commission claims that the son's interest was in part contingent or defeasible.  An appeal was taken to the surrogate from the taxing order and this has been held, under a stipulation, pending the determination of this proceeding, which was brought to construe the will as to the character of the son's estate.  The pertinent provision of the will reads substantially as follows, certain portions being omitted as immaterial for the reason that when the mother died the son was a little over twenty-two years, seven months old:

" *First*. In case my son, Randolph Perrin Inslee, shall survive me, I give, devise and bequeath to him all of my property.  *  *  * In case he shall not be twenty-five (25) years of age at the time of my death, the whole of said property  *  *  *  shall be held by my executor in trust  *  *  *  to pay over to him the whole of the income therefrom, transferring to him one-half of the principal when he attains the age of twenty-five (25) years, and the whole when he attains the age of thirty (30) years.  In case my said son shall die before receiving any part of the principal, the whole or the balance, as the case may be, shall pass as provided in his will "

The learned surrogate construed the gift made at the beginning of the will as being conditioned upon the son's reaching the ages

mentioned and, therefore, that it was contingent, meaning that in the event of the son's death without leaving a will disposing of the property, intestacy would follow. In other words, the surrogate held that the apparently present absolute gift of the remainder in the first sentence is cut down to a life estate by the last sentence. If this construction be correct, and the son should die without leaving a valid will, a large share of the estate would pass to the decedent's husband, from whom she obtained a separation on the ground of his failure to support her.

As usually, we seek primarily the intent of the testatrix. With that primary consideration always in mind, the law favors the vesting of estates; and a construction that an estate is contingent will not be made unless the will as a whole clearly requires such construction.

It is manifest from this will that Mrs. Inslee's son was the particular object of her bounty. She clearly intended that her son should have all her estate if he survived her, and if he did not, that her brothers and sisters should have it. She did provide an express trust controlling the paying over of the income and the principal under certain contingencies. But this was simply carving out from the preceding gift an estate for part of a life. And upon the death of her son that trust would end and the absolute gift of the remainder would not be affected. (*Matter of Tompkins*, 154 N. Y. 634; *Matter of Sackett*, 201 App. Div. 58; *Matter of Chittick*, 243 N. Y. 304, 318.)

There is no " gift over " in the will. This is a matter of great importance in endeavoring to ascertain whether an estate is vested or contingent. (*Fulton Trust Co.* v. *Phillips*, 218 N. Y. 573, 581.)

We conclude that the principal of the estate of Mrs. Inslee vested in her son at her death. The will clearly so states at the commencement of the paragraph quoted. The provision following this as to payment of income and paying over of principal, does not affect the prior absolute gift. And the last sentence is in fact of no importance at all. For if the son died before receiving any part of the principal, it would of course go to whomsoever the son might specify in a valid will, otherwise to his descendants.

The decree appealed from should be reversed and the matter remitted to the surrogate of Monroe county for the preparation of a decree pursuant to this opinion.

All concur. Present — SEARS, P. J., CROUCH, TAYLOR, EDGCOMB and THOMPSON, JJ.

Decree reversed on the law and matter remitted to the Surrogate's Court with directions to enter a decree in accordance with the opinion, with costs to the appellant payable out of the estate.