Iva E. Kent, Individually and as Executrix of Morgan B. Kent, Deceased, Plaintiff, *v.* Martha Thornton et al., as Executors of Charles D. Wetmore, Deceased, et al., Defendants.*

Supreme Court, Chautauqua County, April 25, 1942.

* Affd. 265 App. Div. 904.

*Lombardo & Pickard* for plaintiff.

*Davies, Auerbach, Cornell & Hardy* for Martha Thornton and William T. Wetmore, as executors, and William T. Wetmore, individually, defendants.

*Charles E. Congdon* and *Richard B. Congdon* for Central Hanover Bank and Trust Company, trustee, defendant.

JAMES, J. On the 20th day of June, 1912, Rose E. Kent died leaving a last will and testament which was duly admitted to probate and letters testamentary thereon were issued to the executors therein named, Morgan B. Kent, Charles D. Wetmore, and Alba M. Kent, who qualified and acted as such until the death of Alba M. Kent in November, 1915, and the resignation of Morgan B. Kent and Charles D. Wetmore in September, 1921, whereupon the Central Union Trust Company was appointed administrator with the will annexed and substituted as trustee under the will. The defendant Central Hanover Bank and Trust Company is the successor of Central Union Trust Company and is now acting as trustee under the will.

The will of Rose E. Kent, after certain specific devises and bequests, disposed of her residuary estate as follows:

"All the rest residue and remainder of my estate real personal and mixed of whatever nature and wherever situated I give devise and bequeath to my three executors and Trustees hereinafter named, and their successors, to have and to hold the same during the lives of my husband Alba M. Kent and my son Charles D. Wetmore or the survivor of them upon the following uses and trusts.

" One third thereof to my husband Alba M. Kent during his lifetime, and at his death one half of this one third interest shall go to my son Charles D. Wetmore or to whomsoever he may by Will appoint and the other one half of this one third interest shall go to my son Morgan B. Kent.

" One ninth to my son Morgan B. Kent and at his death to his children who may survive him. One ninth to my grand daughter E. Rosalie Kent, daughter of Morgan B. Kent. One ninth to my grand daughter Juline Kent, daughter of Morgan B. Kent.

" The net income of my estate as the same may be determined from time to time by my Executors and Trustees as hereinafter provided shall be distributed as follows

" One third thereof to my husband Alba M. Kent during his life and at his death should my son Charles D. Wetmore survive him one half of the said one third to my son Charles D. Wetmore

" One third to my son Charles D. Wetmore during his life but

if my said son Charles D. Wetmore shall survive my husband Alba M. Kent my said son shall receive one half thereof during his life.

" Should my husband Alba M. Kent survive my son Charles D. Wetmore one third thereof shall be paid during the life of my said husband to whomsoever my said son may appoint by Will.

" One third to my son Morgan B. Kent until his daughter E. Rosalie Kent shall reach her majority and thereupon and thereafter the said E. Rosalie Kent shall receive one ninth thereof and thereafter my said son Morgan B. Kent shall receive two ninths thereof until his daughter Juline Kent shall reach her majority and thereupon and thereafter the said Juline Kent shall receive one ninth thereof."

Then follow provisions describing the powers of the trustees with respect to the handling by them of the trust estate.

In 1916 Morgan B. Kent and Charles D. Wetmore executed an agreement describing the intent of Rose E. Kent as to the disposition of her residuary estate in the following terms:

" *First:* That the intent and purpose of the said Rose E. Kent was to dispose of the corpus of her estate as follows, to wit:

Upon the death of Alba M. Kent and Charles D. Wetmore, one-half thereof to the heirs or legatees of Charles D. Wetmore, one-sixth to Morgan B. Kent, one-ninth to Eleanor Rosalie Kent, one-ninth to Juline Kent, one-ninth to be held in trust by Morgan B. Kent to be paid upon his death to his children who may survive him,

subject to and limited by the provisions of said Will.

" *Second:* That although the Will disposes to Charles D. Wetmore of one-half of the shares of income which Alba M. Kent was entitled to receive during his life, but is silent as to what disposition shall be made of the remaining half share, the parties hereto agree that the intent and purpose of the said Rose E. Kent was that her said estate should be held in trust by the Trustees therein named during the life of Alba M. Kent and Charles D. Wetmore (Alba M. Kent being now deceased), the net income thereof from the time of the death of Alba M. Kent to be paid as follows:

One-half to Charles D. Wetmore, one-half thereof to Morgan B. Kent until Eleanor Rosalie Kent shall have attained the age of twenty-one years, at which time the income of one-ninth of said estate shall be payable to her, such share to be deducted from the share of the income theretofore payable to Morgan B. Kent, and when Juline Kent shall have attained the age of twenty-one years the income upon an additional one-

ninth of said estate shall be payable to her, and which share shall be deducted from the share theretofore payable to Morgan B. Kent, the income upon said estate to be paid as above stated until the death of Charles D. Wetmore.''

And the parties to the agreement further agreed to a disposition of portions of the residuary estate to be received by them respectively under the will, such disposition to be made by each of them executing a will in accordance with the terms of the contract which were as follows:

" *Third:* That while the parties hereto agree that it was the purpose and intent of the Testatrix to dispose of the corpus of her estate as set forth in paragraph " First " of this agreement upon any construction of the Will, it is agreed that the heirs or legatees of Charles D. Wetmore would be entitled to receive at least one-third of the corpus of the Trust estate of the said Rose E. Kent, and while the said Charles D. Wetmore is cognizant of his rights in the matter, being mindful of the fact that a considerable part of his mother's estate came to her from his maternal Grandfather, now in consideration of the undertaking of Morgan B. Kent to simultaneously herewith make a valid disposition by Will, which shall not be altered, amended or changed, disposing of one-ninth of the corpus of said estate to the child or children of the said Morgan B. Kent who may be living at the time of his decease, and who he may designate in said Will, the said share in the event that no children of the said Morgan B. Kent are living at that time to be disposed of as the said Morgan B. Kent may by will direct, the said Charles D. Wetmore agrees to and does waive all of his rights and interests in the said one-sixth of said estate, being one-half of the one-third bequeathed to Alba M. Kent, now deceased, reserving a one-third of said estate, only, to be disposed of by his Will or to descend to his heirs as the case may be, and therefore releases unto the said Morgan B. Kent all of his right and interest in and to the said one-half of one-third, which is, as above stated, the one-sixth of the entire estate; that the said Charles D. Wetmore further agrees that he will join with the said Morgan B. Kent in a petition to the Court praying that the corpus of said estate be decreed to be held in trust under the Will of the said Rose E. Kent, as follows:

Upon the death of Alba M. Kent and Charles D. Wetmore one-third thereof to the heirs or legatees of Charles D. Wetmore; one-third to Morgan B. Kent outright; one-ninth to Eleanor Rosalie Kent; one-ninth to Juline Kent, and one-ninth to Morgan B. Kent,

subject to and limited by the provisions of said Will; that to further secure the said Morgan B. Kent in the said one-sixth of said estate, which is one-half of the one-third herein released by said Charles D. Wetmore, said Charles D. Wetmore agrees that he will simultaneously herewith execute a Will which shall not be amended, altered or changed, disposing of the said one-sixth to the said Morgan B. Kent, or if said Kent is deceased at the time said Will becomes effective, then to such persons as may be designated by the Will of said Morgan B. Kent.''

The purpose of the agreement was described as follows:

'' *Fifth:* The purpose of this agreement is to secure one-third of the corpus of said estate to the heirs or legatees of Charles D. Wetmore, one-third to Morgan B. Kent, with the remainder to such children as may survive him, one-ninth to Eleanor Rosalie Kent, one-ninth to Juline Kent, and one-ninth to Morgan B. Kent, subject to the limitations imposed by the Will of the said Rose E. Kent, deceased.''

The parties to the contract further agreed to apply to the court for a judicial construction of the will and to stipulate for the entry of a decree construing the will in accordance with their agreement.

Each of the parties to the agreement gave to the other a bond in the amount of $100,000, conditioned for the performance of the contract. The parties to the contract applied to the Surrogate's Court of Chautauqua County for a judicial construction of the will and on August 31, 1920, that court made a decree containing the following provisions:

'' ORDERED, ADJUDGED AND DECREED:

'' I. That it was the intent and purpose of the testatrix, Rose E. Kent, in and by her said Will to dispose of the corpus of her estate as follows:

Upon the death of Alba M. Kent and Charles D. Wetmore, one half thereof to the heirs or legatees of Charles D. Wetmore, one-sixth to Morgan B. Kent, one-ninth to Eleanor Rosalie Kent, one-ninth to Juline Kent, one-ninth to be held in trust by Morgan B. Kent, to be paid upon his death to his children who may survive him, subject to and limited by the provisions of said Will however.

That the estate be held in trust by the trustees therein named during the lives of Alba M. Kent and Charles D. Wetmore, (Alba M. Kent being now deceased) the net income thereof during such period to be paid as follows:

One-half to Charles D. Wetmore, one-half thereof to Morgan B. Kent until Eleanor Rosalie Kent shall have attained the

age of twenty-one years at which time the income of one-ninth of said estate shall be payable to her, such share to be deducted from the share of the income theretofore payable to Morgan B. Kent, and when Juline Kent shall have attained the age of twenty-one years the income upon an additional one-ninth of said estate shall be payable to her, and which share shall be deducted from the share theretofore payable to Morgan B. Kent, the income upon said estate to be paid as above stated until the death of Charles D. Wetmore.

" II. That all proceedings heretofore had and taken in the administration of said estate in conformity with said interpretation and construction be, and the same are, hereby confirmed, and that the clauses interpreting and construing said Will as above set forth, henceforth are to be considered and treated, as to all matters to which they relate, a part of said Will and to be taken and read in connection therewith to the same effect as though originally made a part thereof."

On July 23rd, 1930, Charles D. Wetmore and Morgan B. Kent executed an instrument in words and figures following:

" In consideration of One Dollar Each by the other paid, each of the parties hereto releases the other from all claims whatsoever in any matters whatsoever, and all demands of every character against each other.

" WITNESS our hands and seals this 23rd day of July, 1930.

Edwin S. Lyman       Charles D. Wetmore   (Seal)
Edwin S. Lyman       Morgan B. Kent     (Seal)"

On March 1, 1940, the Surrogate's Court of Chautauqua County, on the petition of the defendant Central Hanover Bank and Trust Company, made a further construction of the will of Rose E. Kent, as follows:

" FURTHER ORDERED, ADJUDGED AND DECREED that further construction and interpretation of the will of said deceased, to supplement the construction thereof made by the decree of this Court dated August 31, 1920, be made, and that it be and is hereby determined that it was the intent and purpose of the testatrix, Rose E. Kent, in and by her said Will, to direct that the entire principal of the trust estate should be held in trust until the death of the survivor of Alba M. Kent and Charles D. Wetmore, and that upon the death of Morgan B. Kent, prior to the death of Charles D. Wetmore, the estate of said Rose E. Kent should continue to be held in trust during the life of said Charles D. Wetmore (Alba M. Kent being deceased), and that during the life of said Charles D. Wetmore, and upon and after the death of Morgan B. Kent, the income of said trust estate should be paid as follows:

" 1/2 thereof to the said Charles D. Wetmore;

" 5/18 thereof to Iva E. Kent, the widow of the said Morgan B. Kent, pursuant to the provisions of his Will, during the term of her natural life, and upon her death, prior to the death of the said Charles D. Wetmore, to her Executors, Administrators, representatives, heirs at law, next of kin, legatees or assigns;

" 1/9 thereof to Eleanor Rosalie Leyden, during the term of her natural life, and upon her death, prior to the death of the said Charles D. Wetmore, to her Executors, Administrators, Representatives, heirs at law, next of kin, legatees or assigns;

" 1/9 thereof to Juline Kent, during the term of her natural life, and upon her death, prior to the death of the said Charles D. Wetmore, to her Executors, Administrators, representatives, heirs at law, next of kin, legatees or assigns.

" FURTHER ORDERED, ADJUDGED AND DECREED that no determination or direction should be made at this time as to the payment or distribution of the corpus of the trust estate in the hands of the said Trustee."

Morgan B. Kent died August 7, 1939, leaving a last will dated June 16, 1926, which was duly admitted to probate and the plaintiff Iva E. Kent received letters testamentary thereunder, which will, in terms, complied with the agreement made by him with Charles D. Wetmore.

Charles D. Wetmore died May 8, 1941, leaving a last will and testament which was duly admitted to probate and on which letters testamentary were issued to the defendants Martha Thornton and William T. Wetmore, by which will he devised his entire residuary estate including his entire interest in the corpus of the estate of Rose E. Kent, deceased, " free from any agreement or agreements whatsoever " to his son William T. Wetmore, in violation of the terms of the agreement entered into between him and Morgan B. Kent.

Upon the foregoing facts the plaintiff seeks a judgment impressing the estate of Rose E. Kent in the hands of the trustee with a trust in favor of the plaintiff and the defendants Juline Kent and Eleanor Rosalie Leyden to the extent of one half of that estate, thereby accomplishing the equivalent of specific performance of the contract between Morgan B. Kent and Charles D. Wetmore, and in the alternative, if that relief be refused, for judgment upon the bond given by Charles D. Wetmore in the amount of $100,000.

The defendants claim that the contract was invalid as undertaking to bind Charles D. Wetmore in advance of his death to the exercise of a power of appointment by will in a particular

manner. They also claim that the obligation of Charles D. Wetmore to so exercise the power of appointment, if valid, has been released and that the cause of action is barred by the Statute of Limitations. In the view that the court takes of the questions involved, it will be unnecessary to pass upon the effect of the release or the question of the Statute of Limitations. Nevertheless, it may be pertinent to express the view that neither of these defenses is effectual.

We now come to construction of the will and of the decrees of the Surrogate's Court construing the same. The will in terms creates a trust of the residuary estate by devising it in trust to the trustees named in the will. The term of the trust is expressly stated to be for the lives of the testator's husband, Alba M. Kent, and her son, Charles D. Wetmore; then follows the clause which raises the principal questions in this case, namely, " one third thereof to my husband Alba M. Kent during his lifetime, and at his death one half of this one third shall go to my son Charles D. Wetmore or to whomsoever he may by will appoint and the other one half of this one third interest shall go to my son Morgan B. Kent." This clause is followed by provisions relating to the distribution of the income of the estate which dispose of the entire income during the term of the trust and contain the following pertinent clause: " should my husband Alba M. Kent survive my son Charles D. Wetmore one third thereof shall be paid during the life of my said husband to whomsoever my said son may appoint by will."

Considering these two clauses together it is apparent that the expression " to whomsoever he may by will appoint " means to whomsoever Charles may, by will, appoint, and it is likewise apparent to this court that the clauses in question were intended to provide for the disposition of the income of one half of the share left in trust for Alba M. Kent in case Alba M. Kent should survive Charles D. Wetmore; that is, that Charles should have the right to designate who should receive the income in case of his death prior to that of Alba M. Kent. There is no remainder over to any named persons upon the termination of the trust estate as to this share.

If the matter rested here the court would be of the opinion that the contingency under which the power of appointment was to be exercised never arose as Charles D. Wetmore survived Alba M. Kent and that, therefore, the income from this one sixth of the estate was, on the death of Alba M. Kent, payable to Charles D. Wetmore, and on the death of the latter the share would go to the heirs and next of kin of Rose E. Kent, as not having been

disposed of by her will. Here, however, we are confronted with the judicial construction of the will made by the Surrogate's Court of Chautauqua County pursuant to the agreement between Morgan B. Kent and Charles D. Wetmore. By that decree, which is binding upon the parties, the court has determined that the will, so far as the share of Alba M. Kent is concerned, is to be construed as creating a trust of the residuary estate for the lives of Alba M. Kent and Charles D. Wetmore and that upon the death of both of them one half of the residuary should go to the heirs or legatees of Charles D. Wetmore, and the remaining one half in part to Morgan B. Kent and in part to the latter's daughters subject to certain trust provisions. On this construction of the will the one sixth of the estate held in trust for Charles D. Wetmore and derived from the share set apart for Alba M. Kent would go to the persons whom Charles might designate by will or in default of such designation to his heirs. This results in a construction of the will by which that one sixth of the residuary estate was left in trust for Alba M. Kent, on his death in trust for Charles D. Wetmore, and on the death of the last named to vest in his heirs or to such persons as he might by will direct.

The plaintiff claims that this situation gave Charles a fee which could be the subject of present disposition by him upon the death of Alba M. Kent. The defendants claim that Charles had merely the right to the income of this one sixth upon the death of Alba M. Kent during his own life and that his heirs or legatees would take directly under the will of Rose E. Kent as remaindermen or as appointees. The view of the defendants seems to be borne out by the provision of the decree that the disposition of the corpus of her estate described in the decree was the intent and purpose of the testatrix Rose E. Kent in and by her will. Furthermore, the terms of that decree described the interest of Charles D. Wetmore as a trust estate which would last at least during his life with a remainder over to his heirs subject to a power of appointment of legatees. It is thus clear that Charles did not have the absolute power of disposition of this share during his lifetime. He could not alienate it and his rights were limited to receiving the income from the trustees and disposing of income only. The situation is not that of a life tenant with power of testamentary disposition and without a remainder limited to some other person or persons. All of the decisions cited by the plaintiff, with one exception, are cases where the intermediate estate was a legal estate. The one exception is *Matter of Inslee* (233 App. Div. 144), but in that case the language of the will was such as to create in the first instance a

fee simple absolute which was subsequently cut down by a trust estate for years which would leave a vested remainder after expiration of the trust term in the devisee unless he should die prior to the expiration of that term, in which case he had the power of disposition of that remainder by will. All that the case decides is that the remainder was a vested one.

In the present case there is no vested remainder to Charles, the share in question being held as to the legal estate by the trustees and Charles being merely a beneficiary of the trust holding an equitable interest only. This seems to compel the conclusion that the power possessed by Charles under the will, as construed by the decree, to designate persons other than his heirs in whom the corpus should vest on his own death, was a power of appointment and that Charles did not have the absolute power of disposition of that share during his lifetime. This being so, the remainder, after the death of Charles, was not only not vested in Charles but was not his property at all, even contingently, and his appointees or, in case of failure of appointment, his heirs would take under the will of Rose E. Kent. In this situation it becomes necessary to consider the validity and effect of the contract between Morgan B. Kent and Charles D. Wetmore insofar as that contract purports to bind Charles to exercise the power of appointment by contract and prior to his own decease. The power of appointment was general and beneficial, the donee of the power was possessed only of a trust interest during his lifetime. He could not in his lifetime alienate the fee for he possessed no legal estate. The power of appointment was a power to appoint legatees and, therefore, was to be exercised by will and might be exercised at any time prior to the death of the donee.

Under these circumstances, the ruling of the Court of Appeals in *Farmers' Loan & Trust Co.* v. *Mortimer* (219 N. Y. 290) is directly applicable, and the contract to exercise the power in favor of particular persons must be held invalid. (To the same effect is *Matter of Hayman,* 134 Misc. 803, 807, affd. 229 App. Div. 853, affd. 256 N. Y. 557.) The conclusion is that the contract, so far as it purports to bind Charles to exercise the power of appointment, is unenforceable, and he was at liberty to disregard it; and as he did disregard it by the making of a last will in favor of his son, William T. Wetmore, instead of as provided in the contract, it is his will which should govern the disposition of the remainder and not the provisions of the contract.

This conclusion disposed of this litigation except for the bond given by Charles for the performance of the contract. The bond, however, having been given for the performance of a contract which was never a valid enforceable contract, cannot be made the basis of a recovery of damages.

Let judgment be entered dismissing the complaint and granting the relief prayed for in the answers, with costs to the defendant trust company and the defendants Martha T. Thornton and William T. Wetmore, as executors, payable out of the estate of Rose E. Kent.