Pierson R. Hildreth, S.
In this construction proceeding the executor requests a determination of the meaning of articles “ fourth ” and “ seventh ” of decedent’s will. It appears that the executor is in doubt as to whether a valid trust is created by the will, and if there is a valid trust, whether the income beneficiary of the trust must survive to age 40 in order to take the remainder upon termination of the trust.
The testatrix died July 2, 1962, survived by her mother and a sister as her sole distributees. She was also survived by a niece, who was then 23 years old, and is still living, and who is the daughter of such surviving sister. Testatrix by her will, after making certain bequests, left her entire residuary estate to such niece under article 6‘ fourth ’ ’ as follows:
“ fourth : All the rest, residue and remainder of my estate, wherever situate, real, personal and mixed, I give devise and bequeath to my niece, helen baier, nee Rasche, in trust nevertheless until she shall attain the age of forty (40) years, at which time she shall receive the entire remaining principal of said trust. I direct my trustee hereinafter named to pay the income from said trust to my niece helen baier, nee Rasche, in semiannual installments during the life of the trust.”
Articles “ fifth ” and “ seventh ” of the will are as follows:
‘ ‘ fifth : In the event that my said niece helen baier, nee Rasche, should predecease me, I give, devise and bequeath all *896 the rest, residue and remainder of my estate to her children in equal shares. ’ ’
“seventh: I hereby nominate constitute and appoint the chemical bank new YORK trust company, 30 Broad Street, New York, New York, as trustee of the above-said trust.”
It is to be noted that (a) the will makes no express disposition of the residuary estate in the event the named niece, having survived the testatrix, should die before reaching age 40, (b) the will does not make a direct bequest and devise of the residuary estate to the trustee, and (e) the niece is both income beneficiary and remainderman when she attains age 40. The executor accordingly asks whether a valid trust is created or whether there is not a complete presently vested gift of the entire residuary estate to the niece. In other words, the executor asks whether the residuary estate should now be turned over to the trustee for administration as a trust, or whether it should now be turned over to the niece absolutely.
By article “ fifth ” of her will the testatrix left her residuary estate to the issue of her niece in the event the niece should predecease her (which event did not happen). The special guardian, in behalf of an infant child of the niece, takes the position that the will creates a valid trust, with the remainder vested in the niece subject to being divested should she not reach the age 40, but also contends that if the niece should fail to reach age 40 there is a gift of the remainder by implication to the issue of the niece.
The executor requests that the court determine:
“ a. Does the residuary disposition constitute a present gift of the entire residuary estate to Helen Baier?
“ b. Does Helen Baier receive a vested remainder of the residue ?
“ c. Does the will create a valid, indestructible trust?
“ d. Does the will convey legal title to the trustee named in Article ‘ seventh ’ of the said will?
“ e. Does the disposition of the residue constitute a gift of both the legal and equitable title to Helen Baier and consequently result in a merger entitling said Helen Baier to receive the said residue in fee absolutely free of any trust? ”
It seems to the court that the situation presents two major questions: First, does the will establish a valid trust, and second, if the trust is valid, is the gift of the remainder to the niece conditioned upon her reaching the age of 40.
It is the opinion of the court that the will establishes a valid trust. It is quite clear from the words in the will that testatrix intended to create a trust. Under article “fourth” which *897 left the residuary estate to her niece, the testatrix expressly stated that it was left “ in trust nevertheless Furthermore, she provided that income be paid semiannually, and appointed a corporate trustee under article “ seventh ” “ as trustee of the aforesaid trust.” While it is true that there is no express bequest to the trustee, such bequest is and may be implied where the intent to create a trust is clear. (Felter v. Ackerson, 35 App. Div. 282 [2d Dept.].)
In support of a contention that no valid trust is created counsel for the executor refers to certain decisions which apply a rule that no trust will be created where the life interest and remainder interest have merged. Such rule may apply where the trustee and the beneficiary are the same person. Such rule does not apply in the situation existing here where the trustee is someone other than the beneficiary. (Matter of Reed v. Browne, 295 N. Y. 184 [1946].) Where the trustee is someone other than the beneficiary or the remainderman, the fact that the income beneficiary may be vested with the remainder which might never come into possession does not render the trust illegal or invalid. (Matter of Chalmers, 264 N. Y. 239 [1934]; Matter of Bowers, 2 Misc 2d 482 [1956].) If the testatrix had not intended to have her residuary estate held in trust she could have easily given it outright to her niece unaccompanied by any words of trust. She did not do so. To say now that the will did not create a trust would require us to completely disregard her express words in article “ fourth ” stating that she left her residuary estate “in trust”, and to completely disregard all words in article ‘ ‘ seventh ’ ’ which appoint a trustee.
Next, we consider whether the bequest to the niece is conditioned upon her reaching age 40. In the opinion of the court it is reasonably clear that the gift to the niece was not conditioned on surviving to age 40. (Matter of Benton, 244 App. Div. 56, affd. 269 N. Y. 579.) The residuary estate was given to the niece in words of present gift with time of payment and enjoyment of the principal postponed during the period of the trust. There is no provision in the will for any gift over, nor are there any words expressly requiring that the niece survive to age 40 in order to be absolutely vested with the remainder. Nor does the court think it reasonable to believe that testatrix intended to die intestate as to her residuary estate. That she knew how to use appropriate words to provide for a gift over when she wished to do so in contingencies which might occur is shown by article “fifth” where she provided for a gift over in the event the niece should predecease her. The absence *898 of the gift over or words requiring survivorship is indicative of her intent that the remainder interest vest absolutely and unconditionally to the niece with payment and enjoyment only postponed. (Fulton Trust Co. v. Phillips, 218 N. Y. 573 [1916]; Cammann v. Bailey, 210 N. Y. 19 [1913]; Matter of Inslee, 233 App. Div. 144 [1931].)
The executor should distribute the residue to the trustee who will hold it in trust for the niece as provided by the will. The trustee has legal title for the life of the niece or until she reaches 40. The interest of the niece is that of income beneficiary for duration of the trust as well as that of remainderman. The specific questions asked are answered as follows;
“ a. Does the residuary disposition constitute a present gift of the entire residuary estate to Helen Baier? ” No.
‘1 b. Does Helen Baier receive a vested remainder of the residue?” Yes.
“ c. Does the will create a valid, indestructible trust? ” Yes.
‘ ‘ d. Does the will convey legal title to the trustee named in Article ‘ seventh ’ of the said will? ” Yes.
1 ‘ e. Does the disposition of the residue constitute a gift of both the legal and equitable title to Helen Baier and consequently result in a merger entitling the said Helen Baier to receive the said residue in fee absolute free of any trust? ” No.