Pierson B. Hildreth, S.
This is a final accounting in which a construction of decedent’s will, a determination of the effect of a right of election and certain other questions are submitted for determination.
Testator died July 7,1960, leaving a wife and a son as his sole distributees. The wife is stül living. The son survived testator but died February 23, 1962, intestate leaving his mother, the testator’s wife, as his sole distributee.
A construction is requested of paragraphs “ second ” and “ fifth ” of the will by which testator disposed of his estate after having made provision for certain legacies. Paragraph “ second ” of the will provided in substance that if testator’s wife survived him (which she did), and if his son also survived him (which he did), then one third of testator’s net estate was to be held in trust to pay the net income quarterly to his wife for her life, and upon her death if his son * ‘ then be dead ’ ’ (which is and will be the situation since he has predeceased the wife), ‘ ‘ the said principal shall be paid over and transferred to my nephew, michael buchler, and my niece’s husband, Alexander rheinhold, in equal shares, provided however that if said Alexander Bheinhold shall then reside in a country where he would not have the benefit or use or control of his share, then the bequest to him shall lapse, and his share shall be paid over and transferred to my nephew, Michael Buchler.”
By paragraph ‘ ‘ fifth ’ ’ testator left all of his residuary estate in trust for his son (who survived him but who has since died) for life and provided that upon the death of the son the trust “ shall terminate and the principal thereof, together with any undistributed income shall be paid over and transferred to my nephew, Michael Buchler and my niece’s husband, Alexander Bheinhold, in equal shares, provided however that if said Alexander Bheinhold shall then reside in a country where he would not have the benefit or use or control of his share, then the bequest to him shall lapse, and his share shall be paid over and transferred to my nephew, Michael Buchler.”
The said nephew, Michael Buchler, is alleged to have died in 1942 during World War II and thus to have predeceased the testator. That such death did so occur is conceded by the parties and by the special guardian. The court finds upon the proofs submitted that said nephew did die in 1942, and did predecease the testator. The result is that the bequest and interest given by the will to said nephew lapsed.
*1074 The niece’s husband, Alexander Rheinhold, at the date of the death of the son in 1962, was and .still is a resident and national of Hungary. Accordingly the parties request a determination as to who takes the lapsed interest of the nephew, and whether the bequest to the niece’s husband is effective. This question depends upon whether or not he resides “ in a country where he would not have the benefit or use or control of his share ” under the meaning of those words as used in the will.
Testator’s wife exercised her limited right of election, and asserts that she is entitled to receive $2,500 outright. The court finds and determines that under such election she is entitled to receive the.sum of $2,500 outright which shall be payable to her from the corpus of the trust for her benefit under paragraph “ second” of the will. She also contends that the share of the nephew which lapsed passes by intestacy to herself and her son as testator’s sole distributees, but that since the son has since died leaving her as his sole distributee the lapsed share of the nephew is now payable entirely to her. In addition, she contends that since the husband of testator’s niece is a resident of Hungary he resides in a country where he would not have the benefit or use or control of his share, and that therefore his share has also lapsed with the result that testator must be regarded as intestate as to such share which should now be paid entirely to her for the same reasons.
As to the interest given to the nephew, the court having found that the nephew predeceased decedent, the bequest to him lapsed, and there being no gift over, testator must be considered as having died intestate- as to the bequest and interest given to the nephew. Accordingly, such interest passed to testator’s wife and his son equally as testator’s sole distributees. Such interest given under paragraph “ fifth ” of the will is now distributable to the wife and the representative of the son’s estate. The interest given the nephew under paragraph “ second ” of the will, will be distributable to the successors and assigns of testator’s distributees when such trust terminates upon the death of the testator’s wife. The life interest and the remainder interest of the wife do not merge, ¡since the trustee and the beneficiary are not the same person. (Matter of Reed v. Browne, 295 N. Y. 184; Matter of Chalmers, 264 N. Y. 239; Matter of Tietz, 39 Misc 2d 895.)
As to the interest given to the husband of testator’s niece under paragraph “ fifth ” of the will, proofs have been submitted to the court and testimony taken concerning whether or not he would have the benefit or use or control of his share under the meaning of those words as used in the will. In the *1075 opinion of the court it is clear from the will that testator fully desired and intended such person to receive the share if possible. The language used is that found in section 269-a of the Surrogate’s Court Act which provides for deposit of money or property in court where it appears that a beneficiary to whom the same is due would not have the benefit or use or control thereof. From the evidence presented the court finds that it has been satisfactorily shown that this beneficiary would have benefit, use and control of moneys now due him under testator’s will, that such condition existed at the date of the death of testator’s son on February 23, 1962, and that such condition also exists at the present time; that the funds can be paid to or transmitted to the beneficiary and that having received them he will have full and substantial “use” or “benefit” or “control” thereof within the sense of those words as used and intended by the testator.
The proof submitted indicates that funds can be transmitted to Hungary through banking channels; that these can be exchanged into Hungarian currency at the rate of 23.48 Forints to the American dollar, which is in excess of the official rate of exchange of 11.74 Forints to the dollar; that payment by such means has been authorized by recent decisions of the Surrogate’s Court of Nassau County; and that the beneficiary may be able to come to this country and receive the funds in person if provided with an advance from his legacy for the expenses of such trip, which method has been recently employed by the Surrogate’s Court of New York County. This latter procedure commends itself to the court in this case as a method calculated to assure payment of the bequest to the proper party. Accordingly, the court finds that the husband of testator’s niece is entitled to the bequest and interest given him under paragraph “ fifth ” of decedent’s will. The court upon application will grant an intermediate order providing that such interest be paid to such beneficiary in the State of New York personally upon proper identification, and that a suitable amount may be advanced to the attorney in fact or otherwise as may be appropriate for the purpose of providing transportation and for incidental expenses to enable the beneficiary to come to New York for that purpose.
As to the interest given to the husband of decedent’s niece under paragraph “ second ” of the will, the trust does not terminate until the date of death of the decedent’s wife. Whether the husband of the niece shall be entitled to one half of the corpus of the trust at that time will depend upon whether he 1 ‘ shall then reside in a country where he would not have the *1076 benefit or use or control of Ms share.” That cannot be determined until the time of the death of the wife. Therefore any determination as to his entitlement to any interest under paragraph “ second ” must await that event.